IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEONARD PICKARD, )<br>)<br>Plaintiff(s), )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF JUSTICE, )<br>)<br>Defendant(s). )<br>_____ ) | No. C 06-0185 CRB (PR)<br><br>ORDER<br><br>(Docs # 6, 8, 9, 10 & 12) |

Plaintiff, a federal prisoner at the United States Penitentiary in Adelanto, California, has filed a pro se action under the Freedom of Information Act , 5 U.S.C. § 552 ("FOIA"), seeking agency records relating to Gordon Todd Skinner, a former San Francisco DEA and FBI informant allegedly "deactivated for cause."  In his First Amended Complaint ("FAC"), plaintiff alleges that he has unsuccessfully sought specific information relating to Skinner from the DEA and FBI, and that he has now exhausted administrative remedies.  Plaintiff seeks an order requiring the United States Department of Justice to release the requested records and waive all fees for production of the documents.  Plaintiff also seeks appointment of counsel under 28 U.S.C. § 1915.

1    Plaintiff has paid the requisite filing fee and served the FAC on defendant.
2 Defendant in turn has filed an answer.  The court must nonetheless screen the
3 complaint and identify cognizable claims or dismiss the complaint, or any portion
4 of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim
5 upon which relief may be granted," or "seeks monetary relief from a defendant
6 who is immune from such relief."  28 U.S.C. § 1915A(b).

7    FOIA obligates the government to produce documents within its
8 possession or control.  Kissinger v. Reporters Comm. for Freedom of the Press,
9 445 U.S. 136, 150-51 (1980).  An agency may withhold a requested document
10 only if it falls within one of several statutory exemptions to the disclosure
11 requirement.  Dobronski v. FCC, 17 F.3d 275, 277 (9th Cir. 1994) (citing 5
12 U.S.C. § 552(b)).  The burden is on the agency to prove that a particular
13 document falls within one of the exemptions.  Id.  If the agency claims that it
14 does not possess or control a requested document, it must show it fully
15 discharged its statutory obligations by conducting a search reasonably calculated
16 to uncover all relevant documents.  See Urban v. United States, 72 F.3d 94, 95
17 (8th Cir. 1995); Weisberg v. United States Dep't of Justice, 705 F.2d 1344, 1351
18 (D.C. Cir. 1983).

19    Liberally construed, plaintiff's allegations appear to state a minimally
20 cognizable FOIA claim and should proceed.  See Balistreri v. Pacifica Police
21 Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (pro se pleadings must be liberally
22 construed).  However, his request for appointment of counsel (see docs # 6, 8, 9
23 & 10) is DENIED for lack of exceptional circumstances.  See Wilborn v.
24 Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  And his request for an order
25 requiring the parties to meet and confer (see doc # 12) is DENIED as premature.
26 /

In order to expedite the resolution of this case, the court orders as follows:

  a. No later than 90 days from the date of this order, defendant shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, it shall so inform the court prior to the date its motion is due.  All papers filed with the court shall be served promptly on plaintiff.

  b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendant no later than 30 days after defendant serves plaintiff with the motion.

  c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material

1  fact for trial.  If you do not submit your own evidence in opposition, summary
2  judgment, if appropriate, may be entered against you.  If summary judgment is
3  granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>,
4  154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

5       Plaintiff is also advised that a motion to dismiss for failure to exhaust
6  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your
7  case, albeit without prejudice.  You must "develop a record" and present it in
8  your opposition in order to dispute any "factual record" presented by the
9  defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120
10  n.14 (9th Cir. 2003).

11          d.    Defendant shall file a reply brief within 15 days of the date
12  on which plaintiff serves it with the opposition.

13          e.    The motion shall be deemed submitted as of the date the
14  reply brief is due.  No hearing will be held on the motion unless the court so
15  orders at a later date.

16      Discovery may be taken in accordance with the Federal Rules of Civil
17  Procedure.  No further court order is required to conduct discovery.

18      All communications by plaintiff with the court must be served on
19  defendant's counsel by mailing a true copy of the document to defendant's
20  counsel.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep
21  the court and all parties informed of any change of address and must comply with
22  the court's orders in a timely fashion.  Failure to do so may result in the dismissal
23  of this action under Federal Rule of Civil Procedure 41(b).

24  SO ORDERED.
25  DATED: <u>June 2, 2006</u>

                               CHARLES R. BREYER
26                                 United States District Judge

27
28                                                                         4