IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEONARD PICKARD,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF JUSTICE,<br><br>    Defendant.<br>_____/ | No. C 06-00185 CRB (PR)<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>(Doc # 24) |

William Leonard Pickard ("Pickard") filed suit against the Drug Enforcement Agency ("DEA") for enforcement of his Freedom of Information Act, 5 U.S.C. § 522 ("FOIA"), request with respect to federal government informant Gordon Todd Skinner ("Skinner").

**FACTUAL BACKGROUND**

Pickard filed a FOIA request with the DEA for documents relating to Skinner, including any information on Skinner's criminal history (including records of arrests, convictions, warrants, or other pending cases), records of all case names, numbers, and judicial districts where he testified under oath, records of all monies paid in his capacity as a federal government informant, all records of instances where the DEA intervened on his

behalf to assist him in avoiding criminal prosecution, all records of administrative sanctions imposed for dishonesty, false claims, or other deceit, all records of any benefits of any nature conferred, all records of deactivation as a confidential informant and the reasons for deactivation, all records concerning Skinner's participation in criminal investigations. Pickard requested that the search be based on Skinner's coded informant number.

Pickard explicitly stated in his request that the purpose of his request was to reveal government misconduct and that, as such, his request should not be subject to any FOIA exemptions grounded in privacy concerns.

Pickard filed a second FOIA request for specific documents to which reference was made in a letter from an assistant United States attorney to a defense attorney.

The DEA replied that it could neither confirm nor deny the existence of any records and informed Pickard that he would have to provide either proof of death or "an original notarized authorization (privacy waiver)" from Skinner. The DEA cited FOIA exemptions in 5 U.S.C. § 552(b)(6) "and/or" § 552(b)(7)(C). The DEA also informed Pickard that he could appeal to the Office of Information and Privacy ("OIP"). Upon Pickard's subsequent appeal, the OIP upheld the DEA's response and stated that the decision was based on FOIA exemption § 552(b)(7)(C). The OIP also stated that Pickard could seek judicial review of the OIP's decision.

Pickard then filed a complaint in this Court to require the DEA to respond to his FOIA request. The government filed a motion for summary judgment, arguing that the Privacy Act, 5 U.S.C. § 552a ("PA"), subsections (j)(2) and (k)(2), and the FOIA exemptions in subsections (b)(6) and (b)(7)(C), (D) and (F) of § 552, applied to Pickard's FOIA request.

## LEGAL BACKGROUND

**1.  FOIA**

The DEA argues that the FOIA exemptions in subsections (b)(6) and (b)(7)(C), (D) and (F) of § 552, apply to Pickard's FOIA request.

"The Freedom of Information Act was enacted to facilitate public access to Government documents." *United States Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).

2

The purpose of the Act is "'to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.'" *Id.* "Consistently with this purpose, as well as the plain language of the Act, the strong presumption in favor of disclosure places the burden on the agency to justify the withholding of any requested documents." *Id.*

This Court has jurisdiction to review de novo the agency's determination to withhold any documents or information. 5 U.S.C. § 552(a)(4)(B). This Court may also enjoin the agency from withholding records and order the production of any agency records improperly withheld from the complainant. *Id.* For the purposes of reviewing the agency's determination, this Court may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of section 552, and the burden is on the agency to sustain its action. *Id.*

The FOIA exemption in § 552(b)(6) applies to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

The FOIA exemptions in § 552(b)(7) apply to restrict production of "records or information compiled for law enforcement purposes." Exemption 7(C) applies where production "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Exemption 7(D) applies where production "could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source." Exemption 7(F) applies where production "could reasonably be expected to endanger the life or physical safety of any individual."

/

/

3

**2.     PA**

The DEA also argues that the PA exemptions in subsections (j)(2) and (k)(2) of § 552a apply.  Both subsection (j) and subsection (k) operate to exempt any system of records within the agency from certain requirements in other subsections of § 552a.  However, neither subsection avoids the effect of subsection (b)(2), which states that the agency shall disclose records where required by the FOIA.

## DISCUSSION

The DEA moves for summary judgment on the ground that its response to Pickard's FOIA request is appropriate and sufficient, given the cited provisions of FOIA and PA.  The motion is premature.

The DEA's response to Pickard's FOIA request is that it can neither confirm nor deny the existence of any relevant records.  This type of "non-responsive" response is commonly referred to as a "Glomar" response.  *See Phillippi v. CIA*, 546 F. 2d 1009, 1011 (D.C. Cir. 1976); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 135 n.2 (D.D.C. 2003).  A "Glomar" response may be issued if confirming or denying the existence of the records would associate the individuals named in the request with criminal activity, *National Magazine, Washington Bureau*, 71 F.3d 885, 893 (D.C. Cir. 1995), and where members of the public may draw adverse inferences from the mere fact that an individual is mentioned in investigative files of a law enforcement agency, *Taylor v. U.S. Dep't of Treasury*, 257 F. Supp. 2d 101, 112 (D.D.C. 2003).  In such a case, the agency must provide a public affidavit explaining in as much detail as possible the basis for its claim that it can be required neither to confirm nor to deny the existence of the requested records.  *Phillippi*, 546 F.2d at 1013; *Wheeler*, 271 F. Supp. 2d at 139.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  To meet this burden, with the facts viewed in the light most favorable to the requester, the agency must demonstrate that it has conducted a "search

reasonably calculated to uncover all relevant documents." *Weisberg v. DOJ,* 745 F. 2d 1476, 1485 (D.C. Cir. 1984). The adequacy of the search depends upon the facts of each case. *Id.*

The agency may rely upon reasonably detailed, nonconclusory affidavits, submitted in good faith, that describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F. 2d 724, 738 (D.C. Cir. 1981). The agency may also submit a "Vaughn index" of the results of the search. *Vaughn v. Rosen*, 484 F. 2d 820, 827 (D.C. Cir. 1973). Where the agency is unable to fully describe a document without also revealing information protected from disclosure, the agency should note this in the Vaughn index and submit the document for in camera review. *Simon v. DOJ*, 980 F. 2d 782, 784 (D.C. Cir. 1992).

At this time, the DEA has not provided any affidavits in support of its Glomar response or describing an adequate search. Nor has the DEA provided a Vaughn index or any documents for in camera review. The DEA has merely offered unsupported claims that any documents that might result from a search responsive to Pickard's request would be exempted from FOIA and PA. The DEA has provided no evidence that it conducted any search at all, let alone one reasonably calculated to uncover all relevant documents. The DEA has not met its burden on summary judgment.

Because the record is insufficient at this time, it would be premature for this Court to determine either whether the cited FOIA and PA exemptions apply or whether Pickard's allegations of government wrongdoing override the exemptions by "demonstrat[ing] a public interest in the information that is sufficient to overcome [Skinner's] privacy interest." *Boyd v. Criminal Div. of DOJ*, 475 F. 3d 381, 386-87 (D.C. Cir. 2007). The record is also insufficient to determine whether a Glomar response was appropriate. *Id.* at 389 ("where an informant's status has been officially

5

1 confirmed, a Glomar response is unavailable, and the agency must acknowledge the
2 existence of any responsive records it holds").

## CONCLUSION

The DEA's motion for summary judgment (doc # 24) is denied without prejudice. Within 60 days of this order, the DEA shall file a new motion for summary judgment accompanied by evidence showing that an adequate search has been conducted and that a Glomar response was appropriate in light of the documents requested. Such evidence may include affidavits that satisfy the *Military Audit Project* standards described above, a Vaughn index, or the actual requested documents for review by the Court in camera.

**IT IS SO ORDERED.**

Dated: March 30, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE