SCOTT N. SCHOOLS (South Carolina BN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
KATHERINE B. DOWLING (SBN 220767)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-6833
    Facsimile:   (415) 436-6748

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM LEONARD PICKARD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF JUSTICE, ) <br> ) <br> Defendant. ) <br> ) | C 06-0185 CRB <br><br> **DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Defendant's motion for summary judgment should be granted.  First, Defendant has reviewed Plaintiff's late opposition brief which at 62 pages plus attachments is in violation of Civ. L. R. 7-4(b). Plaintiff did not make a request of the Court prior to the due date to exceed 25 pages of text therefore.  Second, to date, despite numerous filings including his late and lengthy opposition, Plaintiff still has (1) failed to provide either proof of death or an authorization from Mr. Skinner (to him personally)[1], (2) failed to provide any admissible evidence establishing that DEA officially acknowledged Skinner as a confidential source (3) failed to provide any

---

[1]On May 29, 2007, Plaintiff filed a "Notice of Notarized Authorization to DOJ From Gordon Todd Skinner To Release Records to a Third Party". The alleged notarized form does not authorize release of information to Plaintiff.  Even if legitimate, the form only authorizes release of information to Mr. Skinner's attorney.  Such information would be further protected by the attorney-client privilege. On June 10, 2007, Plaintiff mailed a "Notice of Additional Official Confirmation of Gordon Todd Skinner's Informant Status" which also failed to provide any authorized release to Plaintiff.

1  admissible evidence of DEA misconduct.

2      Without this information, DEA can not provide the requested information to Plaintiff.
3  Nothing Mr. Pickard has provided or argued changes the argument contained in Defendant's
4  renewed summary judgment motion. Therefore, the Court should grant defendant's renewed
5  summary judgment motion.

6  **PROCEDURAL BACKGROUND**

7      On May 30, 2007, pursuant to this Court's March 30, 2007 Order requesting additional
8  briefing, Defendant filed a supplemental brief in support of Defendant's motion for summary
9  judgment.  On May 14, 2007, Plaintiff sent a document to the Court to be filed title "Notice of
10 Third FOIA Request to Defendant DEA" which also contains content briefed in response to this
11 Court's Order of March 30, 2007.

12     On June 7, 2007, Plaintiff mailed a Motion for Enlargement of Time to Respond to
13 Defendant's Motion for Summary Judgment.  On June 10, 2007, Plaintiff mailed a "Notice of
14 Additional Official Confirmation of Gordon Todd Skinner's Informant Status" with attachments.
15 On July 12, 2007, this Court granted Plaintiff's Motion for Enlargement allowing Plaintiff until
16 July 27, 2007 to file an opposition.

17     This enlargement provided Plaintiff almost a full two months to respond to Defendant's
18 supplemental briefing.  In the July 12, 2007 Order, Defendant was ordered to reply to the
19 opposition "within 15 days of receiving plaintiff's opposition".  Plaintiff subsequently filed
20 Docket # 76 and #77, on August 1, 2007 and August 6, 2007, respectively regarding a purported
21 "lockdown".  The dates of this alleged lockdown as presented by Plaintiff should not have
22 interfered with Plaintiff's ability to mail his opposition nor does he state that the lockdown
23 interfered with his ability to mail an opposition.  To the contrary, Docket #77 ("Notice of
24 Lockdown), mailed on July 22, 2007, specifically states at ¶ 3 that Plaintiff will comply with the
25 date for filing his opposition.  Docket #76 (Notice of Filing of Plaintiff's Opposition), mailed on
26 July 27, 2007, further states at ¶ 2 that the opposition was filed on July 27, 2007.

27     Docket # 76 and 77 were not served on Defendant but were obtained from the Clerk's
28

REPLY MOTION TO OPPOSITION TO
SUMMARY JUDGMENT
C 06-0185 CRB                      2

Office. Defendant filed an opposition to no reply on August 16, 2007. On August 27, 2007, the Court ordered Defendant to file a reply within 15 days.

## ARGUMENT

### DEFENDANT'S MOTION SHOULD BE GRANTED AS PLAINTIFF FAILED TO PROVIDE PROOF THAT MR. SKINNER IS EITHER DECEASED, HAS CONSENTED TO DISCLOSURE OR THAT THE REQUESTED INFORMATION IS PUBLIC

The use of the *Glomar* response by DEA has been reviewed on numerous occasions dating back to 1972. DEA uses "neither confirm or deny" in cases where a requester is seeking information related to a third-party and/or a confidential source. *See Benavides v. Drug Enforcement Admin*. 968 F.2d 1243 (D.C. Cir 1992); *McNamera v. U.S. Dept. Of Justice,* 974 F.Supp 946 (D.C.W.D.tex 1997); *Butler v. Drug Enforcement Admin.* No. 05-1798 WL 398653 (D.C.D.C. 2006); *Valdez v. U.S. Depart. of Justice*, 474 F.Supp.2d 128 (D.C.D.C. 2007); *DeGlace v. Drug Enforcement Admin.*, No. 05-2275 WL 521896 (D.C.D.C. 2007.); *See e.g. Gardels v, CIA,* 510 F.Supp 977 (D.C.D.C. 1981). The practice by DEA of using the *Glomar* response in cases where an individual has requested information related to a third party who is alleged to be a confidential source, was justified, deemed to be appropriate and its use has been the practice since the early 1990s and continues today. *See Benavides v. Drug Enforcement Admin.*, at 752.

There are several reasons for the use of the Glomar response by DEA, as it relates to confidential sources. One reason is that to confirm that an individual is a source would violate the Privacy Act since it is a release of information contained in a PA system of records, and release is not required by the FOIA (b)(7)(C) and (b)(7)(D). Also, the FOIA, 5 U.S.C. 552(c)(2), specifically states that "[w]henever informant records maintained by a criminal law enforcement agency under an informant's name or personal identifier are requested by a third party according to the informant's name or personal identifier, the agency may treat the records as not subject to the requirements of this section unless the informant's status as an informant has been officially confirmed."

A *Glomar* response is not necessary in those cases where it is shown that the individual is

1  deceased or has consented to a requested disclosure or where it is determined that a federal
2  investigation involving the individual is so well known to the public that his or her privacy
3  interest is diminished or that is was conducted under such circumstances that the privacy interest
4  is outweighed by the public interest.

5       Plaintiff can not establish any of these factors in an effort to circumvent Glomar. Nor do
6  Plaintiff's cursory and unsupported allegations of government misconduct reach a level sufficient
7  to overcome the substantial privacy interests of Mr. Skinner.  The plaintiff has also failed to
8  show that the specific information he has requested was previously released by DEA or that it has
9  been made public.

10       For these reasons, Mr. Pickard's claims should be denied.

## CONCLUSION

13       Disclosure of Mr. Skinner's information, to the extent any exists, would be a significant
14  invasion of his personal privacy.  Plaintiff has not presented evidence of government wrongdoing
15  sufficient to raise the argument of disclosure for the public interest, he has not presented any
16  evidence that Mr. Skinner is deceased or has authorized Pickard to receive this information and
17  he has not presented any evidence that DEA has officially acknowledged Mr. Skinner as a
18  confidential source such that his privacy interest is sufficiently diminished.  On balance the
19  privacy interests of the individual, especially in the context of law enforcement records,
20  outweighs any interest in disclosure.

21       Accordingly, DEA should be granted summary judgment.

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

Dated: September 11, 2007                           /s/
KATHERINE B. DOWLING
Assistant United States Attorney

REPLY MOTION TO OPPOSITION TO
SUMMARY JUDGMENT
C 06-0185 CRB                           4