IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEONARD PICKARD,         )<br>                                                         )<br>           Plaintiff(s),                         )<br>                                                         )<br>      vs.                                            )<br>                                                         )<br> UNITED STATES DEPARTMENT )<br> OF JUSTICE,                                 )<br>                                                         )<br>            Defendant(s).                     )<br> _____)| No. C 06-0185 CRB (PR)<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT<br><br>(Docs # 68, 86, 87, 104 & 107) |

Plaintiff, a federal prisoner currently incarcerated at the Federal Correctional Institution in Victorville, California, seeks enforcement of his Freedom of Information Act, 5 U.S.C. § 522 ("FOIA"), request to the Drug Enforcement Administration ("DEA") for records pertaining to confidential informant Gordon Todd Skinner. For the reasons set forth below, defendant's motion for summary judgment will be granted.

I.

On January 25, 2005, plaintiff submitted a request for information to the DEA, a component of the United States Department of Justice, for "information and documents pertaining to DEA informant Skinner." Plaintiff specifically sought any information on Skinner's criminal history (including records of arrests, convictions, warrants, or other pending cases), records of all case names, numbers, and judicial districts where he testified under oath, records of all

monies paid in his capacity as a federal government informant, all records of instances where the DEA intervened on his behalf to assist him in avoiding criminal prosecution, all records of administrative sanctions imposed for dishonesty, false claims, or other deceit, all records of any benefits of any nature conferred, all records of deactivation as a confidential informant and the reasons for deactivation, and all records concerning Skinner's participation in criminal investigations.

On February 11, 2005, the DEA denied plaintiff's request. Citing FOIA Exemptions 6 and 7(C), and without confirming or denying the existence of any records relating to Skinner, the DEA advised plaintiff that he would have to provide either proof of death or an original notarized authorization (privacy waiver) from Skinner before any information would be released. Plaintiff appealed to the Office of Information and Privacy ("OIP").

On August 8, 2005, the OIP upheld the DEA's response. The instant FOIA court action followed.

After the court reviewed the complaint and ordered it served, the DEA moved for summary judgment arguing that the Privacy Act, 5 U.S.C. § 552a, subsections (j)(2) and (k)(2), and FOIA Exemptions 6 and 7(C), (D) and (F), applied to plaintiff's request. The court denied the motion without prejudice, noting that the DEA had not adequately justified its response to the request.

The DEA again moved for summary judgment, this time fully briefing why a "Glomar" response (i.e., the practice of refusing to confirm or deny the existence of records pertaining to a named individual) was appropriate to plaintiff's request and attaching a detailed declaration in support of its response. Plaintiff filed an opposition, as well as numerous unsolicited documents and miscellaneous requests, and the DEA filed a reply.

II.

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex Corp., 477 U.S. at 323.

In a FOIA case, the court may grant summary judgment on the information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other

documents." SafeCard Serv., Inc. v. Sec. and Exchange Comm'n, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (omitting citation and internal quotation marks).

### III.

If a third party is the target of a FOIA request, the agency to which the FOIA request is submitted may provide a Glomar response, that is, the agency may refuse to confirm or deny the existence of records or information responsive to the FOIA request on the ground that even acknowledging the existence of responsive records constitutes an unwarranted invasion of the targeted individual's personal privacy. Phillippi v. CIA, 546 F.2d 1009, 1011 (D.C. Cir. 1976). Properly asserted, a Glomar response relieves an agency of its usual obligation to provide detailed affidavits proving that it performed an adequate search for documents. Valdez v. United States Dep't of Justice, 474 F. Supp 2d 128, 131 (D.D.C. 2007); see, e.g., Taylor v. United States Dep't of Justice, 257 F. Supp. 2d 101, 112 (D.D.C. 2003) (where request is made solely for law-enforcement files, agency may simply 'Glomarize'). The agency affidavits must nonetheless describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemptions and show that the justifications are not controverted by contrary evidence in the record or by evidence of bad faith. See Hunt v. CIA, 981 F.2d 1116, 1119 (9th Cir. 1992). The detailed declaration of William C. Little, Jr., an attorney assigned to the DEA's Office of Chief Counsel, meets these requirements. Cf. id. (district court must accord "substantial weight" to agency's affidavits).

### A.

FOIA Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure of

such records would cause an enumerated harm. 5 U.S.C. § 552(b)(7); FBI v. Abramson, 456 U.S. 615, 622 (1982). In order to withhold materials properly under Exemption 7, an agency must establish that the records at issue were compiled for law enforcement purposes, and that the material satisfies the requirements of one of the subparts of Exemption 7. See Keys v. United States Dep't of Justice, 830 F.2d 337, 340 (D.C. Cir. 1987). In assessing whether records are compiled for law enforcement purposes, the focus is on how and under what circumstances the requested files were compiled, and whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding. Jefferson v. United States Dep't of Justice, 284 F.3d 172, 176-77 (D.C. Cir. 2002).

The DEA construed plaintiff's FOIA request "as a request for criminal investigative and disciplinary records under the control and custody of DEA related to a third-party, and information related to the individual's status as a confidential source." Little Decl. ¶ 15. The DEA declined to process the request, and neither confirmed nor denied the existence of responsive records. In the DEA's view, a Glomar response "provides the best protection to those individuals about whom records are sought . . . and does not mislead a requester." Id. ¶ 39. In addition, the DEA provides a Glomar response "relative to requests for information related to the identity of and information provided by confidential sources to prevent a requester from drawing any adverse inferences." Id. ¶ 41.

The DEA investigates "incidences involving the trafficking in controlled substances, dangerous drugs and precursor chemicals and the violators who operate at interstate and international levels," among other law enforcement functions. Id. ¶ 13. If records responsive to plaintiff's FOIA request exist, those records likely would be found in three systems of records. Id. ¶ 18. Investigative

and disciplinary information related to Skinner is "reasonably likely to be contained or maintained in the DEA Investigative Reporting and Filing System, JUSTICE/DEA-008 (IRFS), and/or the DEA Planning and Inspection Division Records, JUSTICE/DEA-010." Id. Information regarding Skinner's status as a confidential source, "if any record exists, is reasonably likely to be found in the DEA Operations Files, JUSTICE/DEA-011." Id. Records in these systems, "to the extent that they involve possible criminal offenses, are criminal investigative records" which were "compiled during criminal law enforcement investigations by [the] DEA." Id. ¶ 16.

In view of the nature of plaintiff's FOIA request and the descriptions of the systems of records where responsive records likely would be located, the court is satisfied that any responsive records would be law enforcement records covered by FOIA Exemption 7. Accord Valdez, 474 F. Supp. 2d at 132.

B.

The DEA has set forth evidence showing that FOIA Exemptions 7(C) and (D) apply to plaintiff's request. As noted earlier, the exemptions in § 552(b)(7) apply to restrict production of "records or information compiled for law enforcement purposes." Exemption 7(C) applies where production "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Exemption 7(D) applies where production "could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal

investigation or by an agency conducting a lawful national security intelligence investigation, <u>information furnished by a confidential source</u>."[1]

1.

To determine whether Exemption 7(C) applies, the court must balance the interest in privacy of individuals mentioned in the records against the public interest in disclosure. <u>United States Dep't of Justice v. Reporters Comm. for Freedom of the Press</u>, 489 U.S. 749, 776 (1989). The privacy interest at stake is substantial. <u>SafeCard Serv., Inc.</u>, 926 F.2d at 1205. Individuals have a strong interest in not being associated unwarrantedly with alleged criminal activity. <u>Stern v. FBI</u>, 737 F.2d 84, 91-92 (D.C. Cir. 1984). Not surprisingly, the names and identifying information about third parties who are mentioned in law enforcement records routinely are withheld. <u>See</u> <u>Valdez</u>, 474 F. Supp. 2d at 132 (citing cases).

Unlike Exemption 7(C), once an individual is established as a confidential source, the application of Exemption 7(D) is automatic. <u>Davis v. United States Dep't of Justice</u>, 968 F.2d 1276, 1281 (D.C. Cir. 1992). That appears to be the case here, where, although plaintiff asserts that the informant's identity is well-known, he does not dispute that the informant was a confidential source. <u>See id.</u>

/

/

---

[1] The DEA also claims that FOIA Exemptions 6 and 7(F), and the Privacy Act, 5 U.S.C. § 552a, apply. Exemption 6 applies to "personnel and medical files and similar files the disclosure of which would constitute a clearly <u>unwarranted invasion of personal privacy</u>." Exemption 7(F) applies where production "could reasonably be expected to <u>endanger</u> the life or physical safety of any individual." The Privacy Act generally safeguards the public from unwarranted collection, maintenance, use and dissemination of personal information contained in agency records.

2.

Plaintiff argues that a Glomar response is not appropriate because Skinner's privacy interests are minimal. He notes that Skinner has filed suit against the government, testified in public proceedings and authorized the release of his records to plaintiff's attorney. The fact that Skinner has filed suit and testified publicly does not waive his privacy interest. See Valdez, 474 F. Supp. 2d at 133 (citing cases). Nor does the fact that Skinner recently authorized release of his records to plaintiff's attorney. That Skinner has authorized release of his records to plaintiff's attorney, and not plaintiff, makes clear that Skinner did not entirely waive his privacy interest. Regardless, a somewhat diminished privacy interest does not negate the application of Exemption 7(D). Accord Davis, 968 F.2d at 1281 (Exemption 7(D) not compromised by informant having testified in open court).

Plaintiff also argues that a Glomar response is not appropriate because government misconduct establishes a public interest that favors disclosure of the information he is requesting over the privacy interest of Skinner. When government misconduct is alleged as the justification for disclosure, the public interest is "insubstantial" unless the requester puts forth "compelling evidence that the agency denying the FOIA request is engaged in illegal activity" and shows that the information sought "is necessary in order to confirm or refute that evidence." Davis, 968 F.2d at 1281 (citing Safecard Serv., Inc., 926 F.2d at 1205-06). Plaintiff does not. In his request to the DEA, plaintiff simply mentioned "concerns about government misconduct" without further specificity. And in the instant action, despite his elaborating on his suspicion of government misconduct and his submitting volumes of unsolicited exhibits, nothing in the record shows that the DEA is engaged in illegal activity. Plaintiff has not set

forth "evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." Nat'l Archives and Records Admin. v. Favish, 541 U.S. 157, 174 (2004). He has not demonstrated that a public interest outweighs Skinner's privacy interest.

Plaintiff finally argues that a Glomar response is not appropriate because the DEA has "officially acknowledged" Skinner as an informant. It is well-established that the government cannot rely on an otherwise valid exemption claim to justify withholding information that has been "officially acknowledged." Afshar v. United States Dep't of State, 702 F.2d 1125, 1133 (D.C. Cir. 1983) (for item to be officially established, information requested: (1) must be as specific as the information previously released; (2) must match the information previously disclosed; and (3) must already have been made public through an official and documented disclosure).[2] Still, it is plaintiff who bears the initial burden of pointing to specific information in the public domain that appears to duplicate that being withheld. Davis, 968 F.2d at 1279. The ultimate burden of persuasion remains with the government, but a party who asserts that material is publicly available carries the burden of production on that issue. Id.

The DEA has set forth evidence showing that there is no official acknowledgment of Skinner as an informant. A search of the web, as well as of the DEA headquarters and San Francisco division offices, was conducted and found no official public pronouncement regarding the status of Skinner as a confidential source. See Little Decl. ¶¶ 31, 34. And contrary to his assertions,

---

[2]See also 5 U.S.C. § 552(c)(2) ("Whenever informant records maintained by a criminal law enforcement agency under an informant's name or personal identifier are requested by a third party according to the informant's name or personal identifier, the agency may treat the records as not subject to the requirements of this section unless the informant's status as n informant has been officially confirmed." ).

plaintiff has not satisfied his burden of producing specific information in the public domain showing that the DEA has officially acknowledged Skinner as an informant. A letter from an assistant United States Attorney to a defense counsel is not enough. See Frugone v. CIA, 169 F.3d 772, 774 (D.C. Cir. 1999) (disclosure made by someone other than the agency from which the information is being sought is not considered "official acknowledgment"). After all, the letter merely mentions "use immunity and derivative immunity" in the context of a witness security program and does not refer to any agreement by Skinner to serve as a confidential source for the DEA. The letter cannot be considered an official acknowledgment of Skinner as an informant.

## IV.

The DEA has adequately justified its decision neither to confirm nor deny the existence of responsive records pertaining to Skinner. It also has conceded that a Glomar response would not be necessary if plaintiff submits "either a written authorization signed by that individual permitting disclosure of those records to [the requester] or proof that that individual is deceased (for example, a copy of a death certificate or an obituary)." 28 C.F.R. § 16.3(a). Plaintiff submitted neither. However, he recently submitted a written authorization by Skinner permitting disclosure of his DEA records to plaintiff's attorney, William K. Rork. A FOIA request by Mr. Rork to the DEA should avoid the Glomar response plaintiff has received in response to his own requests to the DEA.

/
/
/
/
/

## V.

For the foregoing reasons, defendant's motion for summary judgment (doc # 68) is GRANTED.

The clerk is instructed to enter judgment in favor of defendant, terminate all pending motions (docs # 68, 86, 87, 104 & 107), and close the file. Plaintiff's request to amend to add subsequent FOIA claims is denied.

SO ORDERED.

DATED: Feb. 11, 2008

CHARLES R. BREYER
United States District Judge