IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM LEONARD PICKARD, | ) | |
| Plaintiff(s), | ) | No. C 06-0185 CRB (PR) |
| vs. | ) | ORDER REQUESTING SEPARATE CASE MANAGEMENT STATEMENTS |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) | |
| Defendant(s). | ) | |

Plaintiff, a federal prisoner currently incarcerated at the United States Penitentiary in Tucson, Arizona, seeks enforcement of his Freedom of Information Act, 5 U.S.C. § 522 ("FOIA"), request to the Drug Enforcement Administration ("DEA") for records pertaining to confidential informant Gordon Todd Skinner. In response to plaintiff's request, the DEA submitted a Glomar response refusing to confirm or deny the existence of any responsive records pertaining to Skinner, citing exceptions 6 and 7(C), (D) and (F) of FOIA. After the Office of Information and Privacy ("OIP") upheld the DEA's response, the instant FOIA court action followed.

After this court granted summary judgment in favor of the government, holding that Skinner's identity as a confidential informant had not been "officially confirmed" within the meaning of 5 U.S.C. § 552(c)(2), and that a Glomar response was appropriate under exemptions 7(C) an7(D), plaintiff appealed.

Per order filed on July 27, 2011, the Ninth Circuit reversed and remanded. The court held that "because the government officially confirmed Skinner's status as an informant in open court in the course of official proceedings, the government cannot continue to 'neither admit nor deny' Skinner's informant status in response to a FOIA request." Pickard v. Dep't of Justice, No. 08-15504, slip op. 9625, 9628 (9th Cir. July 27, 2011). But the court made clear that this is not to say that all documents related to Skinner are subject to disclosure: "We simply hold that since Skinner has already been officially identified as an informant by government counsel and agents, the cat is out of the bag and the government must proceed to the next step – provide an index of the documents it has and make whatever additional objections to disclosure it deems appropriate." Id. at 9628-29. The court's mandate issued on September 19, 2011.

In order to expedite these proceedings, the court orders that, by no later than December 16, 2011, the parties shall file separate case management statements addressing all of the topics set forth in the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statements, which can be found on the court's website located at http://www.cand.uscourts.gov. The clerk shall also mail a copy of the standing order to plaintiff, who is incarcerated and proceeding without counsel.

SO ORDERED.

DATED: Nov. 3, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\OTHER.06\Pickard, W.06-0185.or6.wpd

2