MELINDA HAAG (CABN 132612)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7155
    FAX: (415) 436-6927
    neill.tseng@usdoj.gov

Attorneys for Defendant
UNITED STATES DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM PICKARD,<br><br>            Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>            Defendant. | C 06-00185 CRB<br><br>**DEFENDANT'S SEPARATE CASE MANAGEMENT STATEMENT** |

Pursuant to the court's order (Doc. #132), defendant United States Department of Justice ("defendant") hereby submits its separate case management statement.

**1. Jurisdiction and Service.**

In his Amended Complaint, plaintiff alleges jurisdiction "pursuant to the Freedom of Information Act, 5 USC (a)(4)(B)." Doc. #4 ¶ 2. Defendant is not aware of any issues regarding personal jurisdiction, venue or service.

**2. Facts.**

Plaintiff was convicted of LSD-related offenses in 2003 and is currently serving life imprisonment in a federal prison in Arizona. In January 2005, plaintiff made a Freedom of Information Act ("FOIA") request to the Drug Enforcement Administration (the "DEA"), an agency within defendant United States Department of Justice, for documents regarding an alleged

DEFENDANT'S SEPARATE CASE MANAGEMENT STATEMENT
C 06-00185 CRB

informant.  In response, the DEA told plaintiff that, absent proof of death or a privacy waiver from the alleged informant, it could neither confirm nor deny the existence of any requested records.  The Department of Justice's Office of Information and Privacy upheld the DEA's response, known as a "Glomar" response, on appeal.  Plaintiff then filed this action.

This court granted summary judgment in favor of defendant, and plaintiff appealed to the Ninth Circuit.  The Ninth Circuit reversed and remanded on July 27, 2011, holding that the Glomar response was inappropriate.  The Ninth Circuit stated that defendant "must proceed to the next step—provide an index of the documents it has and make whatever additional objections to disclosure it deems appropriate."  Pickard v. DOJ, 653 F.3d 782, 784 (9th Cir. 2011).

**3.     Legal Issues.**

Whether defendant has wrongfully withheld agency records under FOIA, 5 U.S.C. § 552.

**4.     Motions.**

Defendant filed a motion for summary judgment which was initially denied without prejudice (Doc. #62), but after supplemental briefing was granted (Doc. #108).  On appeal, the Ninth Circuit reversed and remanded.  Defendant anticipates filing a second motion for summary judgment.

In Doc. #14, the court denied three motions filed by plaintiff to appoint counsel.

In Doc. #16, the court denied plaintiff's motion for leave to submit additional interrogatories.

In Doc. #22, the court denied plaintiff's motion for order permitting plaintiff to obtain affidavits from an incarcerated individual.

In Doc. #26, the court granted defendant's motion to stay discovery.

In Doc. #37, the court granted defendant's motion to strike or, in the alternative, enlargement of time to file reply and opposition to plaintiff's motion to stay, and denied plaintiff's motion to stay.

In Doc. #73, the court granted plaintiff's motion for extension of time to file response/reply and denied plaintiff's motion for clarification of court's order.

In Doc. #108, the court granted defendant's motion for summary judgment, denied

plaintiff's motion to amend complaint, and terminated plaintiff's motion to stay proceedings, plaintiff's motion to withdraw and resubmit interrogatories, and plaintiff's motion to withdraw motion to stay.

**5.   Amendment of Pleadings.**

None anticipated by defendant. Plaintiff already amended his complaint once. The court denied plaintiff's motion to amend his complaint a second time. (Doc. #108.) Defendant proposes a deadline for amending the pleadings of January 31, 2012.

**6.   Evidence Preservation.**

Defendant is taking and will continue to take reasonable steps to preserve any documents requested by plaintiff.

**7.   Disclosures.**

The parties have not exchanged initial disclosures. Defendant does not believe initial disclosures are appropriate for this FOIA case, and seeks to be excused from serving them, because "[d]iscovery is generally unavailable in FOIA actions." Wheeler v. CIA, 271 F. Supp. 2d 132, 139 (D.D.C. 2003); see also Lane v. Dep't of Interior, 523 F.3d 1128, 1134 (9th Cir. 2008) (noting that discovery is limited in FOIA cases and routinely delayed until after summary judgment).

**8.   Discovery.**

As noted in paragraph 7 above, discovery is generally unavailable or limited in FOIA actions. The court previously stayed discovery in this action until after defendant's motion for summary judgment was decided. (Doc. #26.) Defendant hereby requests that discovery again be stayed until after the court rules on defendant's second motion for summary judgment to be filed.

**9.   Class Action.**

Not applicable.

**10.   Related Cases.**

Defendant is aware of no related cases.

**11.   Relief.**

Defendant has not asserted a counterclaim. Defendant seeks dismissal and costs.

**12.  Settlement and ADR.**

The parties have not had settlement discussions in this case and defendant does not believe ADR would be useful.  Defendant hereby requests that this case be excused from the court's ADR requirement.

**13.  Consent to Magistrate Judge.**

Defendant does not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.  Other References.**

None.

**15.  Narrowing of the Issues.**

None.

**16.  Expedited Schedule.**

Defendant does not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

**17.  Scheduling.**

Defendant proposes the following schedule, which defendant believes is consistent with the briefing schedule previously ordered by the court (Doc. #14):

Defendant's second motion for summary judgment filing deadline: 3/30/12

Plaintiff's opposition brief filing deadline: 4/30/12

Defendant's reply brief filing deadline: 5/15/12

Defendant proposes that the motion be deemed submitted as of the date the reply brief is due, and that no hearing be held on the motion unless the court so orders at a later date.

**18.  Trial.**

Defendant does not anticipate the need for a trial.

**19.  Disclosure of Non-Party Interested Entities or Persons.**

None known by defendant at this time.  As a governmental agency, defendant is exempt from the disclosure requirement of Civil Local Rule 3-16.

//

**20.     Other matters.**

None at this time.

Respectfully submitted,

MELINDA HAAG
United States Attorney

DATED: December 16, 2011          By:          /s/
                                       NEILL T. TSENG
                                       Assistant United States Attorney
                                       Attorneys for Defendant

DEFENDANT'S SEPARATE CASE MANAGEMENT STATEMENT
C 06-00185 CRB                          5