MELINDA HAAG (CABN 132612)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7155
    FAX: (415) 436-6927
    neill.tseng@usdoj.gov

Attorneys for Defendant
UNITED STATES DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| WILLIAM PICKARD, | ) | C 06-00185 CRB |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) | |
| | ) | Nonhearing Motion |
| Defendant. | ) | Honorable Charles R. Breyer |
| | ) | |

DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
C 06-00185 CRB

**I.      INTRODUCTION.**

Pursuant to Civil L.R. 7-11, 79-5(b), defendant United States Department of Justice ("defendant") submits this Administrative Motion requesting an order to file under seal in its entirety Exhibit A to the Third Supp. Decl. of William C. Little, Jr.  Exhibit A is a Vaughn index which defendant submits in support of its Third Motion for Summary Judgment.  The underlying FOIA request concerns "a request for information to the DEA, a component of the United States Department of Justice, for 'information and documents pertaining to DEA informant Skinner.'" Doc. #108 at 1:23-25.  This Administrative Motion should be granted.

**II.     ARGUMENT.**

**A.     The Vaughn Index Should Be Filed Under Seal**.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" <u>Kamakana v. City & County of Honolulu</u>, 447 F.3d 1172, 1178 (9th Cir.2006).  In general, courts require compelling reasons to seal records.  As the Ninth Circuit stated in <u>Kamakana</u>:

> [A] "strong presumption in favor of access" is the starting point.  A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard.  That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure, such as the " 'public interest in understanding the judicial process.' "  In turn, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."

<u>Id.</u> at 1178-79 (internal citations omitted; first set of brackets added).

Here, the "compelling reasons" standard is met.  Defendant has explained, factually, that the description of DEA records contained in the Vaughn index "quantifies and qualifies the types, number and content of the records, and when they were created."  Decl. of William C. Little, Jr., In Support of Administrative Motion to File Under Seal ("Little Decl.").  The records at issue are criminal investigative records.  Third Supp. Decl. of William C. Little, Jr. ¶ 6.  The public interest in disclosure is outweighed because this is protected information to which the public ordinarily would not be entitled.  The Vaughn index contains information which is

protected from release by the Privacy Act, 5 U.S.C. § 552a, and for which release is not required by the Freedom of Information Act, 5 U.S.C. § 552. See Little Decl.; Third Supp. Decl. of William C. Little, Jr. ¶ 8. Moreover, the public interest in understanding the judicial process would still be served because defendant's Third Motion for Summary Judgment is publicly filed, as is the Third Supp. Decl. of William C. Little, Jr., filed in support of that summary judgment motion. Thus, the request is narrowly tailored to minimize any diminishment in the public interest.

**B. If the Court Grants Filing of the Document Under Seal, Defendant Also Requests a Protective Order to Prevent Public Dissemination Via Plaintiff's Website or Otherwise.**

Plaintiff has at least one website in which he posts information pertaining to this case and other information. See Free William Leonard Pickard, http://www.freeleonardpickard.org/. If the Court rules that the Vaughn index should be filed under seal, then defendant is concerned that this limitation on public access may be circumvented if plaintiff can distribute the Vaughn index to the public via his website or otherwise. Thus, if the Court orders the Vaughn index to be filed under seal, defendant further requests a protective order restricting dissemination of the Vaughn index. A proposed protective order, separate from the proposed order granting this Administrative Motion, is filed concurrently herewith.

## III. CONCLUSION.

For the foregoing reasons, the court should grant defendant's administrative motion to file under seal.

Respectfully submitted,

MELINDA HAAG
United States Attorney

DATED: March 30, 2012          By:          /s/
                                    NEILL T. TSENG
                                    Assistant United States Attorney
                                    Attorneys for Defendant