UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM PICKARD,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>        Defendant. | Case No. C 06-00185 CRB<br><br>[PROPOSED] PROTECTIVE ORDER RE VAUGHN INDEX FILED UNDER SEAL |

1.     <u>PURPOSE</u>

The purpose of this Order is to restrict dissemination of the Vaughn index filed by defendant under seal pursuant to court order. That Vaughn index is referred to herein as "Protected Material."

2.     <u>DEFINITIONS</u>

    2.1    <u>Counsel (without qualifier)</u>: Outside Counsel of Record as well as their support staff.

    2.2    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

    2.3    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.4     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.5     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.6     Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.7     Protected Material:  defendant's Vaughn index filed under seal pursuant to court order.

3.   SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) Protected Material that is in the public domain at the time of disclosure to plaintiff or becomes part of the public domain after its disclosure to plaintiff as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) Protected Material known to plaintiff prior to the disclosure or obtained by plaintiff after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to defendant. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until defendant agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. ACCESS TO AND USE OF PROTECTED MATERIAL

5.1 Basic Principles. Plaintiff may use the Protected Material only for prosecuting, defending, or attempting to settle this litigation. The Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, plaintiff must comply with the provisions of section 9 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by plaintiff at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

5.2 Disclosure of Protected Material. Unless otherwise ordered by the court or permitted in writing by defendant, plaintiff may disclose the Protected Material only to:

(a) plaintiff's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts (as defined in this Order) of plaintiff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by defendant or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

//

6. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If plaintiff is served with a subpoena or a court order issued in other litigation that compels disclosure of the Protected Material, plaintiff must:

(a) promptly notify in writing defendant. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by defendant.

If defendant timely seeks a protective order, plaintiff shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless plaintiff has obtained defendant's permission. Defendant shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging plaintiff in this action to disobey a lawful directive from another court.

7. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If plaintiff learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, plaintiff must immediately (a) notify in writing defendant of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8. MISCELLANOUS

8.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

8.2 Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective

Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

8.3     Filing Protected Material. Without written permission from defendant or a court order secured after appropriate notice to all interested persons, plaintiff may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

9.     FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, plaintiff must return all Protected Material to defendant or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, plaintiff must submit a written certification to defendant by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that plaintiff has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO ORDERED.

DATED: _____  _____
                                         HONORABLE CHARLES R. BREYER
                                         United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order re Vaughn Index Filed Under Seal that was issued by the United States District Court for the Northern District of California on [date] in the case of <u>Pickard v. Department of Justice</u>, C 06-00185 CRB. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
        [printed name]

Signature: _____
        [signature]