1

Mark Rumold (SBN 279060)
*mark.rumold@gmail.com*
1333 Gough Street, Apt 12G
San Francisco, CA 94109
Telephone:   (415) 694-1639

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| WILLIAM PICKARD, | ) | Case No. 06-cv-00185-CRB |
| | ) | |
| Plaintiff, | ) | **REPLY IN SUPPORT OF PLAINTIFF'S** |
| | ) | **CROSS MOTION FOR SUMMARY** |
| v. | ) | **JUDGMENT** |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | Date:        September 28, 2012 |
| | ) | Time:        10:00 AM |
| Defendant. | ) | Place:        Ctrm. 6, 17th Floor |
| | ) | Judge:        Hon. Charles R. Breyer |
| | ) | |
| | ) | |

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................1

II.   ARGUMENT .......................................................................................................3

    A.   Defendant is Not Entitled to Summary Judgment Because It Failed to Provide an Adequate Factual Foundation to Carry Its Burden ....................................................3

        1.   The Procedures Established in *Vaughn v. Rosen* Are the Only Method By Which Defendant Can Satisfy Its Procedural Obligations in this Case..........4

        2.   When the Ninth Circuit Ordered Defendant to Produce a *Vaughn* Index, the Court Meant Produce a *Vaughn* Index – Not a Generalized, Categorical Affidavit ...................................................................................7

        3.   A *Vaughn* Index is Required Because Defendant's Affidavits Fail to Provide Both the Court and Plaintiff With a Sufficient Factual Basis to Test Defendant's Search, Segregability, and Exemption Claims...................9

    B.   Defendant's Categorical Treatment of the Withheld Records is Both Procedurally and Substantively Unjustifiable ..........................................................11

    C.   Defendant Has Still Failed to Segregate and Release Non-Exempt Information.....14

III.  CONCLUSION ..................................................................................................15

1

## TABLE OF AUTHORITIES

2

### FEDERAL CASES

3

4
*Bay Area Lawyers Alliance for Nuclear Arms Control v. Dep't of State,*
    818 F. Supp. 1291 (N.D. Cal. 1992) .................................................................. 8, 9, 10, 12

5

6
*Burgess v. Premier Corp,*
    727 F.2d 826 (9th Cir. 1984) ............................................................................. 2

7
*Campaign for Responsible Transplantation v. FDA,*
    448 F. Supp. 2d 146 (D.D.C. 2006) ................................................................. 7

8

9
*Church of Scientology Int'l v. IRS,*
    995 F.2d 916 (9th Cir. 1993) ............................................................................. 11

10
*Ctr. for Nat. Sec. Studies v. Dep't of Justice,*
    331 F.3d 918 (D.C. Cir. 2003) ......................................................................... 12

11

12
*Dep't of Justice v. Landano,*
    508 U.S. 165 (1993) .......................................................................................... 13

13
*Dep't of Justice v. Reporters Comm. for Freedom of the Press,*
    489 U.S. 749 (1989) .......................................................................... 12, 13, 15

14

15
*FDIC v. New Hampshire Ins. Co.,*
    953 F.2d 478 (9th Cir. 1991) ............................................................................. 2

16

17
*Fraser v. Goodale,*
    342 F.3d 1032 (9th Cir. 2003) ........................................................................... 2

18

19
*FTC v. Grolier,*
    462 U.S. 19 (1983) ............................................................................................ 13

20
*King v. Dep't of Justice,*
    830 F.2d 210 (D.C. Cir. 1987) ................................................................. 7, 8, 11

21

22
*L.A. Times Comm., LLC v. Dep't of Army,*
    442 F. Supp. 2d 880 (C.D. Cal. 2006) ............................................................. 5

23

24
*Lewis v. IRS,*
    823 F.2d 375 (9th Cir. 1987) ............................................................................. 13

25
*Mason v. Clark,*
    920 F.2d 493 (8th Cir. 1990) ............................................................................. 7

26

27
*Mead Data Cent., Inc. v. Dep't of the Air Force,*
    566 F.2d 242 (D.C. Cir. 1977) .............................................................. 7, 8, 9, 10

28

ii

Case No. 06-cv-00185 CRB          REP. IN SUPP. OF PL.'S CROSS MOT. SUMM. J.

*Minier v. CIA,*
    88 F.3d 796 (9th Cir. 1996) .................................................................................. 9

*NLRB v. Robbins Tire & Rubber Co.,*
    437 U.S. 214 (1978) ........................................................................................ 13

*Ollestad v. Kelley,*
    573 F.2d 1109 (9th Cir. 1978) .............................................................................. 4

*Orion Research, Inc. v. EPA,*
    615 F.2d 551 (1st Cir. 1980) ................................................................................ 6

*Orr v. Bank of America, NT & SA,*
    285 F.3d 764 (9th Cir. 2002) ............................................................................... 2

*Pickard v. Dep't of Justice,*
    653 F.3d 782 (9th Cir. 2011) ........................................................................... 1, 7

*Rein v. USPTO,*
    553 F.3d 353 (4th Cir. 2009) ............................................................................... 6

*SafeCard Serv., Inc. v. SEC,*
    926 F.2d 1197 (D.C. Cir. 1991) ......................................................................... 13

*Solar Sources, Inc. v. United States,*
    142 F.3d 1033 (7th Cir. 1998) .............................................................................. 7

*Vaughn v. Rosen,*
    484 F.2d 820 (D.C. Cir. 1973) ..................................................................... *passim*

*Wiener v. FBI,*
    943 F.2d 972 (9th Cir. 1991) ....................................................................... *passim*

*Yonemoto v. Dep't of Veterans Affairs,*
    686 F.3d 681 (9th Cir. 2012) ............................................................................. 11

*Zemansky v. EPA,*
    767 F.2d 569 (9th Cir. 1985) ............................................................................... 9

**FEDERAL STATUTE**

5 U.S.C. §§ 552, *et seq.* .......................................................................................... *passim*

**FEDERAL RULE**

Fed. R. Evid. 901 ...................................................................................................... 2

Fed. R. Evid. 902 ...................................................................................................... 2

iii

Case No. 06-cv-00185 CRB      REP. IN SUPP. OF PL.'S CROSS MOT. SUMM. J.

## I.       INTRODUCTION

The Ninth Circuit directed Defendant in this case to "produce a *Vaughn* index in response to [Plaintiff's] FOIA request." *Pickard v. Dep't of Justice*, 653 F.3d 782, 788 (9th Cir. 2011). Defendant has chosen not to comply with that order. Consequently, both this Court and Plaintiff are obstructed from assessing the legitimacy of Defendant's search for responsive records, its compliance with FOIA's segregability requirements, and the substantive bases for its withholdings. This failure, alone, precludes an order granting summary judgment for Defendant.

The Court of Appeals ordered Defendant to produce a *Vaughn* index because – given the disparate and potentially voluminous number of records at issue in this case[1] – a properly detailed, specific, and appropriately tailored *Vaughn* index is the only method available under prevailing caselaw to satisfy Defendant's burden at summary judgment. Moreover, when the Ninth Circuit ordered Defendant to produce a *Vaughn* index, the Court meant "produce a *Vaughn* index[.]" *Id*. It did not, as Defendant now argues, mean "produce a *Vaughn* index *or* justify Defendant's withholding claims in a manner that Defendant deems appropriate."

Nevertheless, and for the first time on reply, Defendant now asserts that all records responsive to Mr. Pickard's request are categorically exempt from FOIA's broad disclosure requirements. This novel assertion of categorical exemption is unsupported by the law of this Circuit or any other Circuit. Without citation to a single case, Defendant asks this Court to broadly expand DEA's ability to withhold records in their entirety without providing a factual basis for their withholding. Under generalized and non-specific claims of exemption, Defendant asserts Exemptions 7(C) – (F) to withhold every record responsive to Mr. Pickard's FOIA request, no matter the record's contents, the public interest in disclosure of the record, or the insight into the agency's conduct the record may provide. Such a result is neither countenanced by the clear

---

[1] In reality, it is unclear how many records are at issue in this litigation, as Defendant has still failed to provide both this Court and Mr. Pickard with an accounting of the number and type of records responsive to Mr. Pickard's request. *See generally* Fourth Supp. Decl. of William C. Little ("Fourth Little Decl.") (Dkt. No. 161-1). However, given Skinner's long history as a federal government informant and as a criminal, the number of records is likely voluminous.

1

Case No. 06-cv-00185 CRB                    Rep. in Supp. of Pl.'s Cross Mot. Summ. J.

language of FOIA nor by cases interpreting the statute.[2]

Despite Defendant's failings, Plaintiff's cross motion demonstrated instances in which Defendant had obviously invoked exemptions more broadly than the law allows. Plaintiff's analysis and testing of the claimed exemptions, however, was necessarily incomplete: without a full factual description of the withheld records, adversarial testing and this Court's *de novo* review of the claimed exemptions are inevitably deficient.

Given that Mr. Pickard's request has been pending for over seven years, Defendant has had ample opportunity to provide an adequate factual basis for the withholdings it claims. Yet

---

[2]     Defendant also objects, on various grounds, to evidence submitted in conjunction with Plaintiff's cross motion. These evidentiary objections are red herrings, meant to distract this Court from Defendant's failure to carry its burden.

However, even if the Court wished to rule on the admissibility of Plaintiff's evidence, all Defendant's evidentiary objections are either moot or without merit. First, Defendant objects to the submission of exhibits because they were attached to Mr. Pickard's declaration and authenticated on the basis of "personal knowledge." Def. Rep. in Supp. of Third Mot. Summ. J. ("Def. Rep.") at 1-2 (Dkt. No. 161). Those objections – while well taken – are mooted by the exhibits' resubmission attached to an exhibit list, permitting authentication under Fed. R. Evid. 901(b)(4). *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 778 n.24 (9th Cir. 2002) ("[D]ocuments attached to an exhibit list in a summary judgment motion could be authenticated by review of their contents if they appear to be sufficiently genuine."). Second, Defendant objects to excerpts of trial transcripts submitted as Exs. 1 and 7 because they were not certified copies. Def. Rep. at 2. The re-submitted versions of Exs. 1 and 7 are certified and are thus admissible and self-authenticating under Fed. R. Evid. 902(4). Third, Defendant lodged various objections to Plaintiff's other exhibits, primarily based on authentication and hearsay grounds. Def. Rep. at 2. As noted, the authentication objection is moot. Moreover, because the majority of exhibits were already submitted for the record – without objection from Defendant on hearsay grounds – prior to their submission in support of Plaintiff's cross motion, *see* Exhibit List in Supp. of Pl. Mot. Summ. J., ¶¶ 2, 3, 4, 6, 8, Defendant's objections are untimely and waived. *FDIC v. New Hampshire Ins. Co.*, 953 F.2d 478, 485 (9th Cir. 1991) ("Defects in evidence submitted in opposition to a motion for summary judgment are waived absent a motion to strike or other objection.") (internal citations omitted); *see* Rep. in Supp. of Def. Mot. for Summ. J. (November 22, 2006) (Dkt. No. 41) (objecting only to authentication). Above all else, at summary judgment, the focus is not on "the admissibility of the evidence's form. [The Court must] instead focus on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

Finally, Defendant objects to the inclusion of news articles in Plaintiff's cross motion that demonstrate the public's interest both in the topic of DEA mishandling of informants and in the lawless behavior of Gordon Todd Skinner. Def. Rep. at 3. Contrary to Defendant's assertions, however, these articles were not included to prove the truth of the matter asserted, but to serve as a reasonably proxy to show the overriding public interest in the topic of Mr. Pickard's FOIA request. *Burgess v. Premier Corp*, 727 F.2d 826, 835 (9th Cir. 1984) (newspaper articles admissible where not admitted to show the truth of allegations). As such, the articles are admissible.

2

Defendant has failed to do so. This obstinacy is legally unsupportable. Because Defendant has disregarded the Ninth Circuit's order; because Defendant has refused to provide an adequate factual foundation to assess its search, segregability compliance, and withholdings; and because Defendant has chosen not to provide that foundation despite numerous opportunities to do so, Mr. Pickard respectfully urges this Court to enter an order requiring the immediate release of the responsive records.

## II.   ARGUMENT

### A.   Defendant is Not Entitled to Summary Judgment Because It Failed to Provide an Adequate Factual Foundation to Carry Its Burden

As described in detail in Plaintiff's cross motion, Defendant's continued refusal to comply with the Ninth Circuit's order to produce a *Vaughn* index prevents both this Court and Plaintiff from testing the adequacy of the agency's search, its compliance with its duty to segregate and release non-exempt information, and the propriety of Defendant's claimed exemptions. Pl. Cross Mot. for Summ. J. and Opp. ("Pl. Cross Mot.") at 12-15 (Dkt. No. 152).  Thus, Defendant has necessarily failed to satisfy its burden and is not entitled to summary judgment.

In reply, Defendant relies on two arguments: (1) that a generic affidavit is equivalent to a *Vaughn* index, Def. Rep. at 4; and (2) that, even if distinct (and even if the Ninth Circuit did order the production of a *Vaughn* index in this case), an affidavit alone can satisfy Defendant's burden. Def. Rep. at 4-6.

Neither argument has merit. First, there is no question – based in law or on common sense – that a generic affidavit and a *Vaughn* index are not equivalent. Second, while true that an affidavit may satisfy an agency's burden at summary judgment, when the resolution of the case focuses on the factual nature of the information withheld – as is the case here – a *Vaughn* index is required.

In short, when the Ninth Circuit ordered Defendant to produce a *Vaughn* index, it did so with knowledge that the index would be necessary to carry Defendant's burden at summary judgment. Defendant has chosen to disregard the Ninth Circuit's directive. Accordingly, Defendant has failed to satisfy its burden, and Plaintiff respectfully urges this Court to enter an order requiring the immediate release of all responsive records.

1.  The Procedures Established in *Vaughn v. Rosen* Are the Only Method By Which Defendant Can Satisfy Its Procedural Obligations in this Case

Although Defendant has chosen to ignore it, the D.C. Circuit's holding in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), established the procedural obligations a government defendant must satisfy in order to carry its burden at summary judgment. *Vaughn*, 484 F.2d at 829; *Ollestad v. Kelley*, 573 F.2d 1109, 1110 (9th Cir. 1978) (adopting *Vaughn* requirements). The circumstances giving rise to, and the rationale behind, the *Vaughn* court's decision are as appropriate and applicable now, and to this case, as they were nearly thirty years ago.

In *Vaughn*, the government's blanket claims of exemption closely mimic the claims asserted by Defendant here. In particular, the government claimed "that the documents, as a whole, are exempt under three distinct exemptions." *Vaughn*, 484 F.2d at 827-28; *see also* Def. Rep. at 4-5 (claiming categorical exemption under four distinct exemptions). Under then-current practices – practices to which Defendant apparently urges this Court to revert – rather than provide an adequate factual basis for adversarial testing of claimed exemptions, "the Government claim[ed] all it need do to fulfill its burden is to aver that the factual nature of the information is such that it falls under one of the exemptions." *Id*. at 825-26. However, as is the case here:

> [f]rom the record, we do not and cannot know whether a particular portion is, for example, allegedly exempt because it constitutes an unwarranted invasion of a person's privacy or because [another exemption applies]. While it is not impossible, it seems highly unlikely that a particular element of the information sought would be exempt under both exemptions. Even if isolated portions of the document are exempt under more than one exemption, *it is preposterous to contend that all of the information is equally exempt under all of the alleged exemptions*. It seems probable that some portions may fit under one exemption, while other segments fall under another, while still other segments are not exempt at all and should be disclosed.

*Vaughn*, 484 F.2d at 827-28 (emphasis added). Yet, here, Defendant makes precisely the same "preposterous" contention: Defendant argues that all records responsive to Plaintiff's FOIA request are equally and categorically exempt under a constellation of disparate FOIA exemptions related to law enforcement records. *See* Def. Rep. at 23. For example, it appears (although it is not precisely clear) that Defendant claims every responsive record has been withheld under Exemption 7(F). Fourth Little Decl. ¶ 34. Thus, Defendant's contention is that *all* information on *each* page of *each*

4

Case No. 06-cv-00185 CRB      REP. IN SUPP. OF PL.'S CROSS MOT. SUMM. J.

responsive record, if released, would "endanger the life or physical safety" of an individual. 5 U.S.C. § 552(b)(7)(F). Without a more searching description of the information withheld and the risk posed by its disclosure, this contention simply is not credible. *See L.A. Times Comm., LLC v. Dep't of Army*, 442 F. Supp. 2d 880, 898 (C.D. Cal. 2006) (Defendant must provide "non-conclusory reasons why disclosure of each category of withheld documents would reasonably be expected to endanger the life or physical safety of any individual."). This type of inadequately justified exemption claim is precisely the type of unsupported assertion ultimately rejected in *Vaughn*. 484 F.2d at 828.

The D.C. Circuit began its analysis in *Vaughn* by acknowledging the informational asymmetries unique to FOIA litigation, where "the party with the greatest interest in obtaining disclosure is at a loss to argue with desirable legal precision for the revelation of the concealed information." *Id*. at 823. "This lack of knowledge," the Court noted, "seriously distorts the traditional adversary nature of our legal system's form of dispute resolution[.]" *Id*. at 824.

When a defendant fails to provide a thorough description of the withheld records and simply avers that the records are exempt, "the opposing party is comparatively helpless to controvert this characterization. If justice is to be done and the Government's characterization adequately tested, the burden now falls on the *court system* to make its own investigation." *Id*. (emphasis added). Thus, as a practical matter, asserting the "broadest possible grounds for exemption for the greatest amount of information" – like the claims in *Vaughn* and those suggested by Defendant here – shifts the burden from the defendant to the court. In essence, Defendant argues:

> Let the court decide! And the tactical ploy is, to the extent that the number of facts in dispute are increased, the efficiency of the court system involved in that dispute resolution will be decreased.

*Id*. at 826. This is precisely the tactic adopted by Defendant here: by proffering an affidavit attesting that undisclosed quantities of imprecisely described documents are "categorically exempt" from disclosure, Defendant effectively prohibits Plaintiff from testing the exemptions, beyond arguing that "the exception[s are] very narrow and plead[ing] that the general nature of the documents sought make it unlikely that they contain" exempt information. *Id*. at 824; *see, e.g.*, Pl.

5

Case No. 06-cv-00185 CRB                    REP. IN SUPP. OF PL.'S CROSS MOT. SUMM. J.

Cross Mot. at 17 ("In the absence of a *Vaughn* index and specific, supporting affidavits, it is nearly impossible to systematically assess the legitimacy of DEA's withholdings.").

Instead – and in lieu of complying with *Vaughn*'s requirements – Defendant asks for "the opportunity to submit the subject records *in camera* for the Court's review." Def. Rep. at 24. However, the "Let the court decide!" burden-shifting tactics taken by the government in *Vaughn*, and the Defendant here, have been rejected for nearly thirty years. *See Wiener v. FBI*, 943 F.2d 972, 978 n.5 (9th Cir. 1991) ("The role of the *Vaughn* index in enabling the adversary process to function in FOIA cases is universally recognized.") (citations omitted). Placing the burden of testing the government's withholdings on the district court is "clearly not what Congress had in mind." *Vaughn*, 484 F.2d at 826. And, in the FOIA context, it is not "justified or even permissible. The burden has been placed specifically by statute on the Government." *Id.* at 825.

Thus, to cure the deficiencies in FOIA litigation identified by the *Vaughn* court, the D.C. Circuit ordered two corrective actions: (1) that courts may "no longer accept conclusory and generalized allegations of exemptions. . . but will require a relatively detailed analysis in manageable segments;" and (2) that defendants must "specify in detail which portions of the documents are disclosable and which are allegedly exempt. . . by formulating a system of itemizing and indexing that would correlate [the claimed exemption] with the actual portions of the document." *Id*. at 826-27.

The procedural standards adopted in *Vaughn* help to restore the adversarial process and conserve judicial resources in FOIA cases. *Id*. at 828. By refusing to comply with those standards, Defendant both prevents Plaintiff from testing the claimed exemptions and shifts the burden to this Court to assess Defendant's compliance with the law– a result that is neither supported by statute nor the cases interpreting FOIA over the past thirty years. *See, e.g., id.*; *Wiener*, 943 F.2d at 978; *Orion Research, Inc. v. EPA,* 615 F.2d 551, 553 (1st Cir. 1980); *Rein v. USPTO*, 553 F.3d 353 (4th Cir. 2009). Because Defendant has failed to comply with *Vaughn*'s procedural requirements, summary judgment in its favor is not warranted.

6

Case No. 06-cv-00185 CRB                    Rep. in Supp. of Pl.'s Cross Mot. Summ. J.

2.     When the Ninth Circuit Ordered Defendant to Produce a *Vaughn* Index, the Court Meant Produce a *Vaughn* Index – Not a Generalized, Categorical Affidavit

When the Ninth Circuit ordered Defendant to provide Plaintiff with a *Vaughn* index, the Court knew precisely what it was ordering Defendant to create – "a comprehensive listing of each withheld document cross-referenced with the FOIA exemption that the government asserts is applicable." *Pickard*, 653 F.3d at 788 n. 2 (citing *Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1037 n. 3 (7th Cir. 1998); *id.*, at 784 (The "government must proceed to the next step – provide an index of the documents it has[.]"). The Court was not, as Defendant characterizes, inviting Defendant to resubmit generic affidavits in lieu of a properly detailed *Vaughn* index.

Contrary to Defendant's assertion, there is no real question that a *Vaughn* index is not equivalent to a generalized affidavit. By definition, an affidavit is simply a "sworn statement in writing[,] made . . . under an oath or on affirmation before . . . an authorized officer." *Mason v. Clark*, 920 F.2d 493, 495 (8th Cir. 1990) (citations omitted). And, as noted above, it was government reliance on generalized and conclusory affidavits that necessitated the creation of *Vaughn* indices in the first instance. *See* Section II(A)(1), *supra* at 4-6.

In contrast, a *Vaughn* index is a specialized *type* of affidavit, unique to FOIA litigation, crafted to restore the traditional adversarial process and alleviate the burden placed upon the judiciary by otherwise-incomplete government affidavits. *Campaign for Responsible Transplantation v. FDA*, 448 F. Supp. 2d 146, 148 n.2 (D.D.C. 2006) ("A *Vaughn* index is an affidavit that describes the withheld or redacted documents and justifies, *in detail*, why *each* record is exempt from disclosure under FOIA") (rvs'd on other grounds) (emphasis added). Above all else, "[s]pecificity is the defining requirement of the *Vaughn* index[.]" *King v. Dep't of Justice*, 830 F.2d 210, 219 (D.C. Cir. 1987). As Plaintiff detailed in his cross motion, Pl. Cross Mot. at 10-11, a *Vaughn* index describes each document withheld, providing a "relatively detailed justification [for each withholding], specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply." *Mead Data Cent., Inc. v. Dep't of the Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977); *see also Bay Area Lawyers Alliance for Nuclear Arms Control v. Dep't of State*, 818 F. Supp. 1291, 1296 (N.D.

7

Case No. 06-cv-00185 CRB                    REP. IN SUPP. OF PL.'S CROSS MOT. SUMM. J.

Cal. 1992) (agency must describe "*each* document or portion thereof withheld, and for *each* withholding, it must discuss the consequences of disclosing the sought-after information") (citing *King*) (emphasis in original).

Nevertheless, in support of its argument that a generic affidavit "may, as a matter of law, constitute an adequate *Vaughn* index, " Def. Rep. at 4, Defendant relies on *Wiener* for the proposition that "[w]hether the government's public affidavits constitute an adequate Vaughn index is a question of law reviewed *de novo*." Def. Rep. at 4 (citing *Wiener*, 943 F.2d at 978). Critically, Defendant omits the next sentence: "We conclude they d[o] not." *Id*.

In fact, the affidavits deemed insufficient in *Wiener* – when compared with those relied upon by Defendant in this case – are instructive. There, the FBI provided "redacted copies of documents partially withheld and blacked out copies of documents withheld in their entirety[.]" *Id*. at 978. The released records were accompanied by "one or more handwritten four digit codes written next to each withheld portion. The first two digits of each code identified the statutory exemption claimed by the FBI. . . . The next two digits of each code refer to one of a number of categories of information listed in the affidavits into which the withheld information allegedly fell." *Id*.

While the affidavits in *Wiener* were ultimately determined to be "clearly inadequate" because of their categorical treatment of the withheld records, *id*. at 979 (citing *King*, 830 F.2d at 224), those affidavits at least included partially released records and *attempted* to tailor exemptions to specific portions of withheld records. *See id*. In contrast, here, Defendant has made no such attempt. First, Defendant has not released a single responsive record, even a partially redacted one, thus rendering a coded affidavit, like the one relied upon in *Wiener*, impossible. Second, the Little Declaration simply describes types of DEA records, Third Little Decl. ¶¶ 16–31, and then describes claimed FOIA exemptions. *Id*. at ¶¶ 36–57, entirely untethered from a description of the specific documents. No attempt is made to correlate Defendant's exemption "claims with the particular part of a withheld document to which they apply." *Mead Data Cent.*, 566 F.2d at 251 (citing *Vaughn*).

Thus, when the Ninth Circuit ordered Defendant to produce a *Vaughn* index, it did so with knowledge that, under prevailing caselaw, a *Vaughn* would be required to satisfy Defendant's

8

burden at summary judgment. Defendant's disregard of the Ninth Circuit's order precludes summary judgment in its favor in this case and warrants the immediate disclosure of the withheld records.

>    3.    A *Vaughn* Index is Required Because Defendant's Affidavits Fail to Provide Both the Court and Plaintiff With a Sufficient Factual Basis to Test Defendant's Search, Segregability, and Exemption Claims

Despite being ordered by the Ninth Circuit to create a *Vaughn* index, Defendant claims that it need not submit one because it is "well-established" that an affidavit can satisfy the agency's burden at summary judgment. Def. Rep. at 4.

Indeed, while it is "well-established" that an affidavit can satisfy the agency's burden at summary judgment, this is only true when a *Vaughn* index "is not needed to restore the traditional adversary process." *Wiener*, 943 F.2d at 978 n.5.[3] However, when a FOIA case's "resolution centers around the factual nature . . . of the information sought," a *Vaughn* index *is* required. *See Vaughn*, 484 F.2d at 823; *Mead Data Cent.*, 566 F.2d at 250. Because the issues in this case focus on the factual descriptions of agency action and the withheld information, Defendant's failure to produce a *Vaughn* index necessarily precludes summary judgment

As described in Plaintiff's cross motion, Defendant's affidavits fail to provide a sufficient factual basis to assess (1) the adequacy of Defendant's search, Pl. Cross Mot. at 12; (2) Defendant's obligation to release any reasonably segregable material, *id*. at 13; and (3) the legitimacy of Defendant's withholdings, *id*. at 13-15. All these are fact-based inquiries requiring a clear description of, respectively, (1) the responsive records located, the places searched, and the search terms used, *see Zemansky v. EPA*, 767 F.2d 569, 571 (9th Cir. 1985) ("The adequacy of the search . . . depends, not surprisingly, upon the facts of each case."); (2) the nature of each withheld record and the proportion of exempt and non-exempt information within that record, *see Alliance for Nuclear Arms Control*, 818 F. Supp. at 1296 ("The district court must make specific factual

---

[3] Instances where an affidavit might be sufficient to satisfy the government's burden include cases where there is only a single or limited number of documents at issue; where the documents are all of a similar type or contain identical information; when the requested documents are "per se" or "categorically" exempt, *see Wiener*, 943 F.2d at 978 n.5, *but see* Section II(B), *infra* at 11-14; or where a *Glomar* response is appropriate. *See Minier v. CIA*, 88 F.3d 796, 804 (9th Cir. 1996).

9

Case No. 06-cv-00185 CRB          REP. IN SUPP. OF PL.'S CROSS MOT. SUMM. J.

findings on the issue of segregability[.]") (citing *Wiener,* 943 F.2d at 988); and (3) a clear description of the information contained within each document and the exemption allegedly protecting that information. *See Mead Data Cent.,* 566 F.2d at 250 ("factual dispute over the nature of the information sought" requires adequately detailed *Vaughn* index to justify exemption claims).

Defendant has utterly failed to provide both this Court and Plaintiff with the requisite factual basis to warrant summary judgment. Concerning the agency's search for responsive records, neither the Court nor Plaintiff has any indication of the number or type of records located, the locations searched, or the search terms used. *See* Fourth Little Decl., ¶ 9. For example, Mr. Pickard requested records reflecting the "case names, numbers, and judicial districts where [Skinner] testified under oath." *Id.,* ¶ 3 The Little Declaration – presumably asserting its justification for *not* conducting a search for those records – states only that "if such information exists, it must be extrapolated from individual reports or records contained in a confidential source or investigative file." *Id.,* ¶ 16. There is no indication whether responsive records were located, whether a search was actually conducted, and which "confidential source or investigative file[s]" were searched. *See id*.

The same is true of Defendant's description of its segregability analysis. To support its claim of compliance with FOIA's segregability requirement, 5 U.S.C. § 552(b), Defendant only states "there is no segregable information associated with plaintiff's request for information." Fourth Little Decl., ¶ 34. But segregability is wholly dependent on the nature of the record at issue and the manner in which exempt and non-exempt information are distributed throughout the record. A bald, unsupported assertion that "there is no segregable information" hardly provides this Court with a foundation to make "specific factual findings" concerning each withheld record. *Alliance for Nuclear Arms Control,* 818 F. Supp. at 1296.

Finally, with respect to the factual basis for Defendant's withholding claims, Plaintiff has already given an exhaustive description of Defendant's failure to justify its withholdings. *See* Pl. Cross Mot. at 10-15; Sections II(A)(1)-(2), *supra* at 4-9. While Plaintiff's cross motion demonstrated instances where Defendant obviously claimed exemptions more broadly than the law allows, Pl. Cross Mot. at 17-24, these objections were only exemplary and, necessarily, failed to

10

Case No. 06-cv-00185 CRB                    REP. IN SUPP. OF PL.'S CROSS MOT. SUMM. J.

account for all withheld information. *See id*. at 17 ("impossible to systematically assess the legitimacy of DEA's withholdings), 18 ("impossible to thoroughly balance the public and privacy interests at stake"), 22 ("impossible to entirely assess the breadth of DEA's Exemption 7(D) claims"), 23 ("impossible to assess the propriety of DEA's withholdings under Exemption 7(F)"). However, to give just one more clear example of Defendant's inadequate declarations, one type of allegedly responsive record – the "DEA Form 6" – contains a "narrative" section. Third Little Decl., ¶¶ 17, 19. This "narrative" section presumably "describes investigative . . . activities and information." *Id*., ¶ 16. However, without providing *any* description of the factual content of the narratives, Defendant apparently contends that release of *all* information would both "constitute an unwarranted invasion of privacy" and "endanger the life or physical safety" of an individual. Fourth Little Decl., ¶ 34. Without *some* description of the narrative, however, Defendant's claim is simply impossible to test. *See Church of Scientology Int'l v. IRS*, 995 F.2d 916, 921 (9th Cir. 1993) (A "reviewing court should not be required to speculate on the precise relationship between each exemption claim and the contents of the specific document[s].") (citation and quotation omitted).

As repeatedly demonstrated, Defendant's reliance on affidavits in lieu of submitting a properly detailed *Vaughn* index precludes both this Court and Plaintiff from adequately assessing Defendant's claims. For this reason, summary judgment for Defendant is not warranted.

### B. Defendant's Categorical Treatment of the Withheld Records is Both Procedurally and Substantively Unjustifiable

Defendant asserts for the first time on reply that all records responsive to Mr. Pickard's FOIA request are "categorically exempt" from the broad disclosure requirements of FOIA. Def. Rep. at 5, 23. However, categorical treatment of records is inadequate – both procedurally and substantively – and fails to sustain Defendant's burden. *See Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 695 (9th Cir. 2012) ("[C]ategorical determinations are rarely proper under the FOIA[.]"). Again, for this reason, summary judgment for Defendant is not warranted.

As a threshold matter, courts have consistently found categorical descriptions of responsive records coupled with categorical assertion of the consequences of disclosure to be procedurally inadequate. *King*, 830 F.2d at 224; *Wiener*, 943 F.2d at 978 (categorical affidavits were the type

---

11

"the D.C. Circuit properly rejected in *King* as 'clearly inadequate'"). As exhaustively detailed *supra*, the "government is required to do more . . . than merely indicate that the withheld information is a 'type' generally excludable." *Alliance for Nuclear Arms Control*, 818 F. Supp. at 1296.

Even setting aside Defendant's procedural shortcomings, Defendant's substantive claim of categorical exemption is unsupportable and unprecedented. Defendant cites to no case to buttress its novel claim that Exemptions 7(C)-(F)[4] categorically exempt DEA from the disclosure requirements of FOIA for the records at issue in this case.

Defendant apparently seeks to vastly expand the Supreme Court's holding in *Reporters Committee* to encompass the records at issue here. *See Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 780 (1989) (holding request for third party's criminal "rap sheet," which sought "no 'official information' about a Government agency, but merely records that the Government happens to be storing," categorically exempt from disclosure). First, as noted in Plaintiff's cross motion, *Reporters Committee* is inapplicable to this case because Mr. Pickard seeks information that will shed light on *agency* conduct, not simply records concerning an individual. Pl. Cross Mot. at 20-21. Second, even assuming the applicability of *Reporters Committee*, the categorical exemption established there applies only to criminal "rap-sheet information" that provides no information about official government action. Even taken to its most extreme, this categorical approach has only been extended by some courts to permit the withholding of names and addresses contained in law enforcement records,[5] *SafeCard Serv., Inc. v.*

---

[4] In truth, it is not entirely clear the basis for which Defendant asserts its claim of categorical exemption. While the Little Declaration seems to suggest it is based solely on Exemptions 7(C) and (F), *see* Fourth Little Decl., ¶ 34, Defendant's moving papers seem to suggest that the records are categorically exempt under Exemptions 7(C), (D), (E), and (F). *See* Def. Rep. at 4.

[5] However, even the categorical exemption for names and addresses adopted by some courts includes the caveat that disclosure may be warranted if "necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity." *SafeCard*, 926 F.2d at 1206; *but see Ctr. for Nat. Sec. Studies v. Dep't of Justice*, 331 F.3d 918, 947 (D.C. Cir. 2003) ("[T]he government would transform the *SafeCard* test into a categorical ban on the disclosure of names contained in law enforcement records. That result finds justification in neither FOIA nor our cases interpreting Exemption 7(C).")

---

*SEC*, 926 F.2d 1197, 1206 (D.C. Cir. 1991), and to documents that would interfere with an ongoing investigation. *See e.g., Lewis v. IRS*, 823 F.2d 375, 380 (9th Cir. 1987); *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 235 (1978).[6]

None of these cases, however, sanctions the categorical withholding of the disparate types of records likely responsive to Mr. Pickard's FOIA request. *See* Third Little Decl., ¶¶ 15-31. Even assuming that names and addresses of third parties could be categorically withheld – which Plaintiff contests for *some* parties identified within the records, *see* Pl. Cross Mot. at 23-24 – Defendant still fails to explain how the balance of the information within those records is similarly categorically exempt. Defendant apparently relies on *Lewis* to support its categorical claims, Def. Rep. at 5, but *Lewis* involved records, withheld under Exemption 7(A), that related to an *ongoing* investigation. *Lewis*, 823 F.2d at 380. In contrast, Defendant has not asserted Exemption 7(A) to withhold any of the records at issue in this case. *See* Def. Rep. at 6-23.

Indeed, Defendant's attempt here to expand its ability to categorically withhold records is identical to the approach rejected by the 9th Circuit in *Wiener*. 943 F.2d at 977-80, 984-87. There, relying on both *Reporters Committee* and *Lewis*, the FBI argued "the privacy interests of third persons whose names appear in withheld documents always outweigh the public interest in disclosure, and a *Vaughn* index therefore need only recite the fact that the document was withheld to protect the privacy interests of third persons." *Wiener*, 943 F.2d at 985. The Ninth Circuit disagreed, and, as noted in Plaintiff's cross motion, held:

> The privacy interests of third persons whose names appear in FBI files, the public interest in disclosure, and a proper balancing of the two, will vary depending upon the content of the information and the nature of the attending circumstances. Because it cannot be concluded that the privacy interests characteristically outweigh the public interest with respect to all of the documents withheld under Exemption 7C, the FBI's categorical *Vaughn* index is inadequate.

*Id.*); *see also Dep't of Justice v. Landano*, 508 U.S. 165, 177 (1993) ("Neither the language of Exemption 7(D) nor *Reporters Committee* . . . supports the proposition that the category of *all* FBI

---

[6] Prior to *Reporters Committee*, the Supreme Court's holding in *FTC v. Grolier*, 462 U.S. 19, 27 (1983), also created a categorical exemption for specific documents covered by the attorney work-product privilege. The work-product privilege has not been asserted here.

13

Case No. 06-cv-00185 CRB          REP. IN SUPP. OF PL.'S CROSS MOT. SUMM. J.

criminal investigative sources is exempt.")

Thus, Defendant's attempt to broadly expand DEA's ability to categorically withhold records under FOIA is both procedurally and substantively unwarranted. For this reason, Defendant is not entitled to summary judgment, and Mr. Pickard respectfully urges this Court to enter an order requiring the immediate disclosure of the requested records.

**C.    Defendant Has Still Failed to Segregate and Release Non-Exempt Information**

As noted in Mr. Pickard's cross motion, Defendant failed to even *mention* segregability in its original moving papers. Pl. Cross Mot. at 15-17. And, even without an adequate factual foundation to review the agency's segregability determinations, it is apparent that Defendant has failed to release all reasonably segregable material. *See* Pl. Cross Mot. at 15-17 (discussing the improper withholding of dates from responsive records); *see also* Def. Rep. at 23 (failing to rebut, let alone address, Plaintiff's argument). Defendant's failure to release all reasonably segregable, non-exempt information precludes summary judgment in its favor. *See* 5 U.S.C. § 552(b).

On reply, Defendant now asserts its burden to segregate and release non-exempt information has been satisfied by the inclusion of a single, conclusory paragraph in its supporting affidavit.[7] This paragraph does not even approximate satisfaction of Defendant's burden.

First, Defendant asserts that all information would be "personal" to Skinner and, therefore, is categorically exempt under Exemptions 7(C) and (F). But – even assuming this to be true – the fact that information is "personal" does not justify its withholding (let alone its categorical withholding) under either exemption. Rather, to withhold under Exemption 7(C), the release of the

_____

[7] In full, Defendant states:

> There is no segregable information associated with plaintiff's request for information described in his request. By virtue of the fact that information requested pertains to Gordon Todd Skinner, the information would be personal. In conjunction with the fact that the information requested would be contained in a Privacy Act system of records maintained by DEA in furtherance of DEA's responsibilities under the Controlled Substances Act, all information categorically fall[s] into information that could and would be withheld pursuant to FOIA exemption (b)(7)(C) and (b)(7)(F).

Fourth Little Decl., ¶ 34.

14

Case No. 06-cv-00185 CRB                REP. IN SUPP. OF PL.'S CROSS MOT. SUMM. J.

information must constitute an "unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). By the clear language of the statute, the fact that information is allegedly "personal" is patently insufficient to justify its withholding under Exemption 7(C).

The same is true of Exemption 7(F), which permits withholding where disclosure could "endanger the life or physical safety of an individual." 5 U.S.C. § 552(b)(7)(F). That information within withheld records is "personal" says nothing about the threat posed by the information's disclosure, nor does it provide a justification for withholding all information contained within responsive records in its entirety.

Finally, Defendant suggests that the information's storage in a "Privacy Act system of records" in furtherance of DEA's statutory duties somehow warrants the withholding of records in their entirety. This assertion has no basis. First, the Privacy Act explicitly anticipates disclosure when "required under section 552 of this title [FOIA]." 5 U.S.C. § 552a(b)(2). Second, and far from a justification for categorical withholding, the fact that responsive records would shed light on agency activity "in furtherance of DEA's responsibilities" is *precisely* the impetus behind FOIA's broad disclosure requirements. *Reporters Comm.*, 489 U.S. at 783 ("Official information that sheds light on an agency's performance of its statutory duties falls squarely within [FOIA's] statutory purpose.").

Even in the absence of an adequate factual basis to assess Defendant's compliance with FOIA's segregability requirements, it is apparent Defendant has failed to release all non-exempt information. This failure prevents summary judgment in Defendant's favor.

## III.    CONCLUSION

Defendant has had 7 years, the mandate of a Circuit Court, and an extended round of summary judgment briefing in which to produce an adequate factual foundation for this Court and Plaintiff to assess its claims. By all measures, it has utterly failed to do so.

Accordingly, for the foregoing reasons and the reasons stated in Plaintiff's Cross Motion, Plaintiff respectfully urges this Court to deny Defendant's motion for summary judgment and to issue an order requiring the immediate release of the withheld records.

15

Case No. 06-cv-00185 CRB                REP. IN SUPP. OF PL.'S CROSS MOT. SUMM. J.

1    DATED:  August 20, 2012        Respectfully submitted,

2                                */s/ Mark Rumold*

3                                Mark Rumold

4                                1333 Gough Street, Apt. 12G
San Francisco, CA 94109
Telephone:  (415) 694-1639

5

6                                ATTORNEY FOR PLAINTIFF

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2012, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

Executed on August 20, 2012, in San Francisco, California.

*/s/ Mark Rumold*
Mark Rumold

17

Case No. 06-cv-00185 CRB                REP. IN SUPP. OF PL.'S CROSS MOT. SUMM. J.