**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEONARD PICKARD, | No. C -06-00185 CRB (EDL) |
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO LIFT STAY OF DISCOVERY** |
| v. | |
| DEPARTMENT OF JUSTICE, | |
| Defendant. | |

In this case brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), Plaintiff has filed a Motion to Lift Stay of Discovery, seeking leave to serve thirteen Requests for Admission ("RFAs") on Defendant. This matter is appropriate for decision without oral argument. Plaintiff's Motion is denied.

Defendant first argues that Plaintiff failed to fully meet and confer about the discovery that he intends to propound, noting that Plaintiff only met and conferred about six of the thirteen RFAs at issue. See July 20, 2006 Order (Docket No. 16); Fed. R. Civ. P. 37. Plaintiff does not dispute that he did not specifically meet and confer about all of the RFAs, but points out that he has not yet served them on or demanded responses from Defendant. Even if Plaintiff was not required to meet and confer about his proposed discovery requests, the better practice would have been to do so. The Court, however, does not deny Plaintiff's motion on this basis.

Defendant also argues that Plaintiff's motion is untimely as to the majority of the requests because under Federal Rule of Civil Procedure 56(d), Plaintiff should have brought this motion during the last round of summary judgment briefing in late 2012. See Fed. R. Civ. P. 56(d) (in response to a summary judgment motion, a nonmoving party may obtain relief pursuant to Federal Rule of Civil Procedure 56(d) if it "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."). Defendant argues that because Judge

**United States District Court**
For the Northern District of California

1  Breyer required a <u>Vaughn</u> index after a hearing on Defendant's summary judgment motion in
2  September 2012, and because the parties anticipate filing supplemental evidence and briefs, the
3  summary judgment motion remains pending.  Therefore, according to Defendant, because Plaintiff
4  did not file this motion during the briefing for that motion, Plaintiff can only seek discovery now
5  related to new information, that is, the <u>Vaughn</u> index.  However, on September 28, 2012, Judge
6  Breyer issued a minute order denying the motion for summary judgment, and there is no indication
7  on the docket that the motion remains pending.

8      Nonetheless, the Court need not resolve the question of whether Rule 56(d) applies or
9  whether there is a pending summary judgment motion because under any circumstances, Plaintiff's
10 motion is barred.  If there is no summary judgment motion pending, Plaintiff's request for discovery
11 is premature because the time to pursue discovery would be after Defendant files a motion for
12 summary judgment if necessary to obtain facts essential to justify Plaintiff's opposition.  <u>See</u> Fed. R.
13 Civ. P. 56(d).  If, as Plaintiff argues, he seeks discovery to support his own motion for summary
14 judgment, the discovery he seeks is not available under Rule 56(d) and also does not appear to meet
15 the requirements for discovery under FOIA.  <u>See, e.g.</u>, <u>Lawyers for Civil Rights of SF Bay Area v.</u>
16 <u>United States Dep't of the Treasury</u>, 534 F. Supp. 2d 1126, 1132 (N.D. Cal. 2008) ("Discovery is
17 usually not permitted in a FOIA case if the government's affidavits were made in good faith and
18 provide specific detail about the methods used to produce the information. . . . Discovery is not
19 warranted "when it appears that discovery would only ... afford [the plaintiff] an opportunity to
20 pursue a bare hope of falling upon something that might impugn the affidavits.'") (internal citation
21 omitted).  Finally, if a summary judgment motion is pending, Plaintiff's motion is barred because he
22 should have sought discovery in connection with his opposition to the motion.

23     Accordingly, Plaintiff's Motion to Lift Stay of Discovery is denied without prejudice.

24 **IT IS SO ORDERED.**

25 Dated: September 13, 2013

                        ELIZABETH D. LAPORTE
26                         United States Magistrate Judge

27

28