MELINDA HAAG (CSBN 132612)
United States Attorney
ALEX G. TSE (CSBN 152348)
Chief, Civil Division
NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7155
FAX: (415) 436-6748
neill.tseng@usdoj.gov

Attorneys for Defendant
UNITED STATES DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM PICKARD,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | CASE NO. C 06-0185 CRB<br><br>**DEFENDANT'S FOURTH MOTION FOR SUMMARY JUDGMENT**<br><br>Date: March 28, 2014<br>Time: 10:00 a.m.<br>Place: Courtroom 6, 17th Floor, 450 Golden Gate Avenue, San Francisco, California<br><br>Honorable Charles R. Breyer |

## TABLE OF CONTENTS

NOTICE OF MOTION ..... 1

STATEMENT OF RELIEF ..... 1

ISSUES TO BE DECIDED ..... 1

MEMORANDUM OF POINTS AND AUTHORITIES ..... 1

- I. INTRODUCTION. ..... 1
- II. BACKGROUND FACTS. ..... 1
- III. LEGAL STANDARD. ..... 3
- IV. SUMMARY OF ARGUMENT. ..... 3
- V. ARGUMENT. ..... 4
  - A. Exemption 7 – Investigatory Record Compiled for Law Enforcement Purposes. ..... 4
  - B. Exemption 7(C) – Unwarranted Invasion of Personal Privacy. ..... 5
  - C. Exemption 7(D) – Identity of, or Information Furnished by, a Confidential Source. ..... 8
  - D. Exemption 7(E) – Techniques and Procedures, and Guidelines. ..... 9
  - E. Exemption 7(F) – Endanger Life or Physical Safety of Any Individual. ..... 10
  - F. Segregability. ..... 11
  - G. Adequacy of Search. ..... 11
- VI. CONCLUSION. ..... 12

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Addisu v. Fred Meyer, Inc.*,
198 F.3d 1130 (9th Cir. 2000) ..... 3

*Amro v. U.S. Customs Serv.*,
128 F. Supp. 2d 776 (E.D. Pa. 2001) ..... 11

*Amuso v. U.S. Dep't of Justice*,
600 F. Supp. 2d 78 (D.D.C. 2009) ..... 10

*Benavides v. DEA*,
968 F.2d 1243 (D.C. Cir. 1992) ..... 7

*Bowen v. U.S. FDA*,
925 F.2d 1225 (9th Cir. 1991) ..... 10

*Boyd v. Dep't of Justice*,
475 F.3d 381 (D.C. Cir. 2007) ..... 6

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ..... 3

*Dep't of Justice v. Reporters Comm. for Freedom of the Press*,
489 U.S. 749 (1989) ..... passim

*Ferguson v. FBI*,
957 F.2d 1059 (2d Cir. 1992) ..... 9

*Fitzgibbon v. CIA*,
911 F.2d 755 (D.C. Cir. 1990) ..... 7

*Hunt v. FBI*,
972 F.2d 286 (9th Cir. 1992) ..... 6

*Irons v. FBI*,
880 F.2d 1446(1st Cir. 1989) ( ..... 9

*Jimenez v. F.B.I.*,
938 F.Supp. 21 (D.D.C. 1996) ..... 11

*Kiraly v. FBI*,
728 F.2d 273 (6th Cir. 1984) ..... 7, 8, 9

*Kowalczyk v. Dep't of Justice*,
73 F.3d 386 (D.C. Cir. 1996) ..... 11

*Lahr v. Nat'l Transp. Safety Bd.*,
569 F.3d 964 (9th Cir. 2009) ..... 11

*Lame v. U.S. Dep't of Justice*,
654 F.2d 917 (3d Cir. 1981)........ 9

*Lane v. Dep't of Interior*,
523 F.3d 1128 (9th Cir. 2008) ........ 6, 7

*Lesar v. United States Dep't of Justice*,
636 F.2d 472 (D.C. Cir. 1980)........ 9

*National Archives & Records Admin. v. Favish*,
541 U.S. 157 (2004)........ 5

*Oguaju v. United States*,
288 F.3d 448 (D.C. Cir. 2002)........ 5

*Parker v. Dep't of Justice*,
934 F.2d 375 (D.C. Cir. 1991)........ 9

*Pickard v. Dep't of Justice*,
653 F.3d 782 (9th Cir. 2011) ........ passim

*SafeCard Serv., Inc. v. SEC*,
926 F.2d 1197 (D.C. Cir. 1991)........ 7

*Scherer v. Kelley*,
584 F.2d 170 (7th Cir. 1978) ........ 9

*Schiffer v. FBI*,
78 F.3d 1405 (9th Cir. 1996) ........ 7

*Shannahan v. IRS*,
672 F.3d 1142 (9th Cir. 2012) ........ 10

*Sussman v. U.S. Marshals Serv.*,
494 F.3d 1106 (D.C. Cir. 2007)........ 11

*Thomas v. U.S. Dep't of Justice*,
531 F. Supp. 2d 102 (D.D.C. 2008)........ 5

*United States v. Apperson*,
441 F.3d 1162 (10th Cir. 2006) ........ 1

*United States v. Pickard*,
733 F.3d 1297 (10th Cir. 2013) ........ 5, 10

**FEDERAL STATUTES**

28 U.S.C. § 2255........ 6

5 U.S.C. § 552(b)(2) ........ 4

5 U.S.C. § 552(b)(7)(D)........ 8

5 U.S.C. § 552(b)(7)(E) ........ 9

5 U.S.C. § 552(b)(7)(F) ........ 10, 11

5 U.S.C. § 552a ........ 2

**FEDERAL RULES**

Fed. R. Civ. P. 56(a) ........ 3

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that defendant United States Department of Justice will move this Court on March 28, 2014, at 10:00 a.m. in Courtroom 6, 17th Floor, United States Federal Building, 450 Golden Gate Ave., San Francisco, California, before the Honorable Charles R. Breyer, United States District Judge, for an order granting summary judgment in its favor and against plaintiff William Pickard. The motion is based on this notice, the memorandum of points and authorities, all the matters of record filed with the court, and such other evidence as may be submitted.

**STATEMENT OF RELIEF**

Defendant United States Department of Justice moves for an order granting summary judgment in its favor and against plaintiff William Pickard ("Plaintiff" or "Pickard").

**ISSUES TO BE DECIDED**

A. Did the Drug Enforcement Administration ("DEA"), a component of defendant United States Department of Justice, properly withhold the requested documents under applicable FOIA exemptions?

B. Was the DEA's search adequate?

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION.

Defendant United States Department of Justice ("Defendant" or the "DEA"), having filed its Vaughn index, brings its Fourth Motion for Summary Judgment. All of the requested information is categorically exempt under Exemptions 7(C) and 7(F), and much of it is also exempt under Exemptions 7(D) and/or 7(E). The DEA's search is described in detail in the declarations and was reasonable. Thus, summary judgment should be granted for the DEA and against Plaintiff.

## II. BACKGROUND FACTS.

Plaintiff is a federal prisoner at the U.S. Penitentiary in Tucson, Arizona. Doc. #110. He was convicted in the District of Kansas in 2003 of offenses relating to LSD and was sentenced to life in prison. United States v. Apperson, 441 F.3d 1162, 1175 (10th Cir. 2006).

The Court previously summarized the facts pertaining to the FOIA request at issue in this case as

follows:

> On January 25, 2005, plaintiff submitted a request for information to the DEA, a component of the United States Department of Justice, for "information and documents pertaining to DEA informant Skinner." Plaintiff specifically sought any information on **(1)** Skinner's criminal history (including records of arrests, convictions, warrants, or other pending cases), **(2)** records of all case names, numbers, and judicial districts where he testified under oath, **(3)** records of all monies paid in his capacity as a federal government informant, **(4)** all records of instances where the DEA intervened on his behalf to assist him in avoiding criminal prosecution, **(5)** all records of administrative sanctions imposed for dishonesty, false claims, or other deceit, **(6)** all records of any benefits of any nature conferred, **(7)** all records of deactivation as a confidential informant and the reasons for deactivation, and **(8)** all records concerning Skinner's participation in criminal investigations.
>
> On February 11, 2005, the DEA denied plaintiff's request. Citing FOIA Exemptions 6 and 7(C), and without confirming or denying the existence of any records relating to Skinner, the DEA advised plaintiff that he would have to provide either proof of death or an original notarized authorization (privacy waiver) from Skinner before any information would be released. Plaintiff appealed to the Office of Information and Privacy ("OIP").
>
> On August 8, 2005, the OIP upheld the DEA's response. The instant FOIA court action followed.
>
> After the court reviewed the complaint and ordered it served, the DEA moved for summary judgment arguing that the Privacy Act, 5 U.S.C. § 552a, subsections (j)(2) and (k)(2), and FOIA Exemptions 6 and 7(C), (D) and (F), applied to plaintiff's request. The court denied the motion without prejudice, noting that the DEA had not adequately justified its response to the request.
>
> The DEA again moved for summary judgment, this time fully briefing why a "Glomar" response (i.e., the practice of refusing to confirm or deny the existence of records pertaining to a named individual) was appropriate to plaintiff's request and attaching a detailed declaration in support of its response. Plaintiff filed an opposition, as well as numerous unsolicited documents and miscellaneous requests, and the DEA filed a reply.

Doc. #108 at 1:23-2:26.

This Court granted the DEA's second motion for summary judgment, stating, "The DEA has adequately justified its decision neither to confirm nor deny the existence of responsive records pertaining to Skinner." Id. at 10:12-13. Plaintiff appealed. Doc. #112. The Ninth Circuit reversed, holding that the Glomar response was inappropriate. See Pickard v. Dep't of Justice, 653 F.3d 782 (9th Cir. 2011). The Ninth Circuit said the DEA "must proceed to the next step---provide an index of the

documents it has and make whatever additional objections to disclosure it deems appropriate." Id. at 784.  The Ninth Circuit said the DEA was not necessarily required to produce any of the requested documents and that equipoise must be maintained "between the public's interest in knowing 'what [its] government is up to' and the 'legitimate governmental and private interests' in withholding documents subject to otherwise valid FOIA exemptions."  Id. at 788 (citations omitted; brackets in original).

On remand, the parties filed cross-motions for summary judgment.  Doc. #140, 152.  At the hearing, the Court denied both motions and ordered the DEA to file a Vaughn index not under seal within five days.  Doc. #165.  The DEA did so.  Doc. #166.  Plaintiff subsequently filed a motion to take certain discovery, which was denied.  Doc. #179.  Pursuant to stipulation, the Court entered an order setting a briefing schedule for another round of cross-motions for summary judgment.  Doc. #183.

## III.  LEGAL STANDARD.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See id. at 323.

## IV.  SUMMARY OF ARGUMENT.

Summary judgment should be granted for the DEA and against Plaintiff.  At the threshold, Exemption 7 applies because the documents were investigatory records compiled for law enforcement purposes.  The requested records are categorically exempt under Exemption 7(C) because the privacy interest outweighs the public interest.  The requested records contain information about third parties and the third parties' privacy interest is "substantial."  On the other hand, there is no public interest.  Plaintiff seeks the records to use in challenging his conviction and that is not considered a public interest.

Exemption 7(D) applies to much of the information because disclosure could reasonably be expected to disclose the identity of, and information disclosed by, confidential sources.  Exemption 7(E) applies to much of the information because it would reveal investigative techniques and procedures

and/or guidelines and could reasonably be expected to risk circumvention of the law. The requested records are categorically exempt under Exemption 7(F) because disclosure could subject DEA Special Agents, Supervisory Special Agents, other federal, state and local law enforcement personnel, and confidential sources to physical attacks, threats, harassment, and attempted murder. Because the requested information is categorically exempt, there is no segregable information to be released.

Finally, the DEA's search is described in detail in the declarations and was reasonable.

## V. ARGUMENT.

Aside from the issue of whether a Vaughn index needed to be filed, the Court did not reach the merits of the issues raised in the parties' last round of summary judgment briefs. Thus, the parties anticipated "incorporating by reference arguments made in those briefs into the forthcoming motions for summary judgment." Doc. #183. Defendant hereby fully incorporates by reference into its Fourth Motion for Summary Judgment all arguments made in its Third Motion for Summary Judgment (Doc. #140) and its reply brief thereto (Doc. #161), with the exception of the arguments regarding whether a Vaughn index needed to be filed. Defendant also relies on all evidence that was filed or cited in connection with Defendant's previous round of summary judgment briefing. For the sake of nonrepetition and efficiency, Defendant does not repeat herein every argument it previously made, but rather summarizes some of the main arguments previously made and also adds some additional argument. Any argument previously made but not summarized herein (with the exception of argument regarding whether a Vaughn index needed to be filed) is still fully incorporated herein by reference.[1]

### A. Exemption 7 – Investigatory Record Compiled for Law Enforcement Purposes.

A threshold requirement of Exemption 7 is that the requested record must be an investigatory record compiled for law enforcement purposes. This Court previously adjudicated this issue in Defendant's favor "[i]n view of the nature of plaintiff's FOIA request and the descriptions of the systems of records where responsive records likely would be located." Doc. #108 at 6. The Court's ruling and underlying reasoning remain correct. Despite all that has happened in this litigation, "the

[1] Plaintiff previously conceded that telephone numbers are exempt under 5 U.S.C. § 552(b)(2). Doc. #152 at 8 n.16. Therefore, Defendant does not address that issue here.

nature of plaintiff's FOIA request" and "the descriptions of the systems of records where responsive records likely would be located" remain the same. Thus, the threshold requirement is met.

**B. Exemption 7(C) – Unwarranted Invasion of Personal Privacy.**

Exemption 7(C) requires balancing the public interest in disclosure versus third parties' privacy interests. See Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 776 (1989). Plaintiff bears the burden of showing both that there is a "significant" public interest and that "the information is likely to advance that interest." National Archives & Records Admin. v. Favish, 541 U.S. 157, 172 (2004). If Plaintiff does not meet this burden, then "the invasion of privacy is unwarranted." Id. When, as here, a requester seeks information pertaining to a particular private citizen, it is highly unlikely the requester will be entitled to it under FOIA: "[I]t should come as no surprise that in none of our cases construing the FOIA have we found it appropriate to order a Government agency to honor a FOIA request for information about a particular private citizen." Reporters Comm., 489 U.S. at 774-75 (footnote omitted).

Plaintiff is not entitled to any of the requested information because the public interest is zero while the privacy interest is "substantial." The public interest is zero for the following main reasons. *First*, the records Plaintiff seeks are of no interest to anyone but Plaintiff, who obviously wants them to use, yet again, to challenge his conviction. The Tenth Circuit recently noted this in ruling on an appeal regarding Plaintiff's motion to unseal the DEA's confidential informant file on Skinner: " . . . Pickard and Appelson allege a variety of ways in which they desire to use these records, including a further attack on their convictions and future FOIA litigation." United States v. Pickard, 733 F.3d 1297, 1301 n.3 (10th Cir. 2013).[2] Plaintiff's "personal stake in using the requested records to attack his conviction[] does not count in the calculation of the public interest." Oguaju v. United States, 288 F.3d 448, 450 (D.C. Cir. 2002), vacated and remanded on other grounds, 541 U.S. 970 (2004), reinstated, 378 F.3d 1115 (D.C. Cir. 2004); accord Thomas v. U.S. Dep't of Justice, 531 F. Supp. 2d 102, 108-09 (D.D.C.

[2] The Tenth Circuit reversed the district court order cited in Doc. #161 at 14 n.8 and remanded to the district court to reconsider the motion to unseal in light of its decision. See Pickard, 733 F.3d at 1305. The Tenth Circuit noted, however, that it could "imagine possible government interests that might be in play here and that could justify continuing to keep at least a portion of these DEA records sealed." Id. at 1303 (footnote omitted).

2008) ("'The courts have consistently refused to recognize any public interest in disclosure of information to assist a convict in challenging his conviction.'") (citing cases). The public interest is zero.

*Second*, Plaintiff's transparent attempt to manufacture a public interest solely for purposes of this FOIA action is futile. As this Court previously ruled, "When government misconduct is alleged as the justification for disclosure, the public interest is 'insubstantial' unless the requester puts forth compelling evidence that the agency denying the FOIA request is engaged in illegal activity' and shows that the information sought is 'necessary in order to confirm or refute that evidence.'" Doc. #108 at 8:16-21 (citation omitted). The evidence Plaintiff submitted in the last round of summary judgment briefing shows no government misconduct whatsoever.[3] See Doc. #161 at 8:17-11:1. Plaintiff's unfounded allegations of misconduct echo those which the Kansas district court thoroughly rejected in Plaintiff's 28 U.S.C. § 2255 motion. See United States v. Pickard, No. 00-40104-01/02-RDR, 2009 U.S. Dist. LEXIS 30306, at *28 (Apr. 6, 2009).

*Third*, the allegations of *government* misconduct are misaligned with the documents requested, which pertain to one *private individual*. That is, even if there could conceivably be a public interest in Skinner's dealings with a public agency, it is not the kind of public interest cognizable under FOIA:

> [A]lthough there is undoubtedly some public interest in anyone's criminal history, especially if the history is in some way related to the subject's dealing with a public official or agency, the FOIA's central purpose is to ensure that the Government's activities be opened to the sharp eye of public scrutiny, not that information about *private citizens* that happens to be in the warehouse of the Government be so disclosed.

Reporters Comm., 489 U.S. at 774 (italics in original).

*Fourth*, even if Plaintiff's evidence constituted "compelling evidence" of government misconduct and the public interest was cognizable under FOIA, the public interest would still be minimal because Plaintiff's FOIA request pertains to only one person, Skinner. Given that narrow scope, responsive records would not shed light on agency activities as a whole and thus would not advance any public interest. See Lane v. Dep't of Interior, 523 F.3d 1128, 1138 (9th Cir. 2008); Hunt v. FBI, 972 F.2d 286, 288-89 (9th Cir. 1992); Boyd v. Dep't of Justice, 475 F.3d 381 (D.C. Cir. 2007).

---

[3] The DEA objected to Plaintiff's evidence in the last round of summary judgment briefing and reserves the right to object again to any evidence that Plaintiff may rely on in this round.

*Fifth*, even if Plaintiff had "compelling evidence" of government misconduct, he would still have to "show[] that the information sought is 'necessary in order to confirm or refute that evidence.'" Doc. #108 at 8:20-21 (citation omitted). This he has not done and cannot do.

In contrast to the nonexistent public interest, the privacy interest is, as this Court previously held, "substantial." Id. at 7:7-8 (citation omitted). The Court's holding remains correct. *First*, Plaintiff seeks records from law enforcement files. Third parties mentioned in such files, be they subjects, witnesses, informants or investigators, have "substantial" or "strong" privacy interests. See SafeCard Serv., Inc. v. SEC, 926 F.2d 1197, 1205 (D.C. Cir. 1991); Fitzgibbon v. CIA, 911 F.2d 755, 767 (D.C. Cir. 1990); Schiffer v. FBI, 78 F.3d 1405, 1410 (9th Cir. 1996). The third parties in the requested documents are not limited to Skinner but also include "other third parties, law enforcement personnel, suspects, co-defendants, witnesses, potential witnesses and confidential sources." Doc. #140-1 ¶ 38.

*Second*, Skinner's substantial privacy interest is not lessened by official confirmation. The Ninth Circuit expressly stated that Skinner's official confirmation did not require the DEA to disclose any of the requested records, and that the records might still be withheld under otherwise valid FOIA exemptions.[4] Pickard, 653 F.3d at 788; accord Benavides v. DEA, 968 F.2d 1243, 1248, modified, 976 F.2d 751 (D.C. Cir. 1992). Controlling precedent is clear that prior public disclosure of information contained in requested materials does not diminish a third party's privacy interest under Exemption 7(C). See Reporters Comm., 489 U.S. at 769-70; Schiffer, 78 F.3d at 1410-11; Lane, 523 F.3d at 1137. With respect to informants in particular, it is necessary to protect their privacy interests, even if they were testifying witnesses, in order to avoid a chilling effect on the subject informant or on other informants. See Kiraly v. FBI, 728 F.2d 273, 278-80 (6th Cir. 1984).

*Third*, Skinner's substantial privacy interest is not diminished by his status as a prisoner. See Reporters Comm., 489 U.S. at 771. In the final calculus, the substantial privacy interest of the third parties (who are not limited to Skinner) outweighs the nonexistent public interest.

Moreover, Exemption 7(C) applies categorically to all of the requested documents. In Reporters Comm., the Supreme Court held

[4] As discussed below, this also applies to Exemptions 7(D) and 7(F).

> ***as a categorical matter*** that a third party's request for law enforcement records or information ***about a private citizen*** can reasonably be expected to invade that citizen's privacy, and that when the request seeks no "official information" about a Government agency, but merely records that the Government happens to be storing, the invasion of privacy is "unwarranted."

489 U.S. at 780 (emphasis added). The situation here is analogous. The nonexistent public interest and the substantial privacy interest follow categorically from the nature of the request (for records pertaining to a private citizen), the nature of the records (law enforcement files containing information about Skinner and other third parties), the narrow scope of the request (limited to records pertaining to one private citizen), and the nonpublic interest behind the request (to challenge a conviction).

**C. Exemption 7(D) – Identity of, or Information Furnished by, a Confidential Source.**

Exemption 7(D) has two prongs. The first pertains to records that could reasonably be expected to disclose the identity of a confidential source, and the second pertains to information furnished by a confidential source. See 5 U.S.C. § 552(b)(7)(D). Plaintiff previously argued that the first prong could not be used to withhold information because Skinner was officially confirmed. This argument fails. *First*, if accepted, it would impermissibly expand the impact of official confirmation to not only prohibit a Glomar response, but to require disclosure under the first prong of Exemption 7(D). That would contravene the Ninth Circuit's holding, discussed above, that the requested documents are still subject to withholding under otherwise valid FOIA exemptions. See Pickard, 653 F.3d at 788. *Second*, Exemption 7(D) applies even if an informant's identity is already known. See Kiraly, 728 F.2d at 278. The legislative history makes clear that Exemption 7(D) protects "'without exception and without limitation . . . both the identity of the informers and information which may reasonably be found to lead to such disclosure.'" Id. at 278 (quoting Cong. Rec. 17034). Thus, there is no exception or limitation for those who have been officially confirmed. Further, the same chilling effect described above for Exemption 7(C) also justifies withholding under Exemption 7(D) even if an informant's identity is already known. See Kiraly, 728 F.2d at 278-79.

The second prong of Exemption 7(D) can cover **(1)** information that was not disclosed at trial and **(2)** information that was. The information in category **(1)** is exempt because "public testimony by 'confidential sources' cannot 'waive' the [agency's] right under the second clause of exemption 7(D) to

withhold 'information furnished by a confidential source' and not actually revealed in public.'" Irons v. FBI, 880 F.2d 1446, 1456-57 (1st Cir. 1989) (*en banc*). Justice (then Judge) Breyer analyzed the statutory language, the legislative history, the case law, the inapplicability of any waiver doctrine, and the need for workable rules in reaching this conclusion. See id. at 1448-57; accord Ferguson v. FBI, 957 F.2d 1059 (2d Cir. 1992); Parker v. Dep't of Justice, 934 F.2d 375 (D.C. Cir. 1991).

The reasoning and holding of Irons – that Exemption 7(D) must be read literally without any doctrine of "waiver" – also supports withholding information in category **(2)**. In Parker, the D.C. Circuit rejected the argument that "even if FBI informants provided information confidentially, the informants waived the confidential status of their identities and the information to the extent that they testified at [the requester's] trial." Id. at 379. It noted that it and its sister circuits "have interpreted Exemption 7(D) literally and have held that once the agency receives information from a confidential source during the course of a legitimate criminal investigation . . . *all* such information obtained from the confidential source receives protection." Id. at 380 (internal quotation marks omitted; ellipsis and italics in original) (citing Lesar v. United States Dep't of Justice, 636 F.2d 472, at 492 & n.114 (D.C. Cir. 1980); Irons, 880 F.2d at 1449; Kiraly, 728 F.2d at 278-80 (6th Cir. 1984); Lame v. U.S. Dep't of Justice, 654 F.2d 917, 923 (3d Cir. 1981); Scherer v. Kelley, 584 F.2d 170, 176 n.7 (7th Cir. 1978)); accord Ferguson, 957 F.2d at 1068. It does not matter if the information was previously disclosed at trial because "Exemption 7(D) is concerned not with the content of the information, but only with the circumstances in which the information was obtained." Id. at 1069.

**D. Exemption 7(E) – Techniques and Procedures, and Guidelines.**

Exemption 7(E) protects law-enforcement records, the production of which "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). The Vaughn index identifies the information withheld under Exemption 7(E). The DEA has provided detailed evidence why Exemption 7(E) applies to the withheld information – including "violator identifiers" which are part of the DEA's internal system of identifying information and individuals – and why release could reasonably be

expected to risk circumvention of the law.[5] See Doc. #140-1 ¶¶ 48-53; Doc. # 161-1 ¶¶ 25-33. The DEA's declarations meet its burden for obtaining summary judgment on Exemption 7(E). Cf. Bowen v. U.S. FDA, 925 F.2d 1225, 1229 (9th Cir. 1991).

**E. Exemption 7(F) – Endanger Life or Physical Safety of Any Individual.**

Exemption 7(F) exempts law-enforcement records if their production "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). The requested records are categorically exempt under Exemption 7(F) because they could subject DEA Special Agents, Supervisory Special Agents, other federal, state and local law enforcement personnel, and confidential sources to physical attacks, threats, harassment, and attempted murder. Doc. #140-1 ¶¶ 54-57.

Plaintiff previously argued that Exemption 7(F) cannot apply to Skinner because he was officially confirmed. That is incorrect. *First*, as discussed above, official confirmation does not eviscerate the applicability of an otherwise valid FOIA exemption. See Pickard, 653 F.3d at 788. *Second*, Exemption 7(F) by its plain language applies to "any individual"; it contains no exception for an individual who has been officially confirmed. 5 U.S.C. § 552(b)(7)(F). "Any individual" includes law enforcement personnel, confidential informants, and cooperating witnesses. See Amuso v. U.S. Dep't of Justice, 600 F. Supp. 2d 78, 101 (D.D.C. 2009). *Third*, Plaintiff cannot overcome the "substantial weight" to which the DEA's declarations are entitled. See Shannahan v. IRS, 672 F.3d 1142, 1148 (9th Cir. 2012). Plaintiff's previous argument that Skinner's safety would not be endangered is unsupported by the evidence and contrary to logic given the nature of the information requested. See Doc. #161 at 22:16-24.

Plaintiff also previously argued that Exemption 7(F) cannot apply to Karl Nichols because he was mentioned in court orders. That is incorrect. *First*, Exemption 7(F) applies to "any individual"; the text contains no exception for those who have been identified in court orders or for anyone else.

[5] Because disclosure could reasonably be expected to risk circumvention of the law, Exemption 7(E) applies whether or not that is a requirement for records that would disclose techniques and procedures for law enforcement investigations or prosecutions. Courts disagree if that is a requirement. See Doc. #140 at 12:20-13:7. The DEA's position is that it is not. See id.; Doc. #161 at 20:15-22.

5 U.S.C. § 552(b)(7)(F). *Second*, Exemption 7(F) applies to DEA Special Agents, DEA supervisors, and other law enforcement personnel. See Amro v. U.S. Customs Serv., 128 F. Supp. 2d 776, 789 (E.D. Pa. 2001); Jimenez v. F.B.I., 938 F.Supp. 21, 31 (D.D.C. 1996).

**F. Segregability.**

"Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material. * * * If the requester successfully rebuts this presumption, the burden lies with the government to demonstrate that no segregable, nonexempt portions were withheld." Sussman v. U.S. Marshals Serv., 494 F.3d 1106, 1117 (D.C. Cir. 2007) (citations omitted).

Categorical exclusion can apply to any exemption notwithstanding provisions regarding segregability. See Reporters Comm., 489 U.S. at 778 ("This holding-that the provisions regarding segregability, in camera inspections, and burden of proof do not by themselves mandate case-by-case balancing-is a general one that applies to all exemptions."). As explained above, the requested information is categorically exempt under Exemptions 7(C) and 7(F). Thus, there is no segregable information to be released. Doc. #161-1 ¶ 34.

**G. Adequacy of Search.**

A search need not uncover every responsive document; it is adequate if it was reasonably calculated to do so. See Lahr v. Nat'l Transp. Safety Bd., 569 F.3d 964, 986-87 (9th Cir. 2009). Moreover, "[t]he agency is not required to speculate about potential leads. More specifically, the [agency] is not obliged to look beyond the four corners of the request for leads to the location of responsive documents." Kowalczyk v. Dep't of Justice, 73 F.3d 386, 389 (D.C. Cir. 1996). The DEA conducted a search for responsive records and its search methodology, including the files searched and a description of NADDIS, is described in detail. [6] Doc. #161-1 ¶¶ 9-13, 25-33, Fifth Supp. Little Decl., filed concurrently herewith, ¶¶ 3-10. The DEA's declarations "are sufficient to support the conclusion that their searches were reasonably calculated to uncover responsive records and were therefore adequate for the purposes of FOIA." Lahr, 569 F.3d at 989.

---

[6] There is a typographical error in Doc. #161 at 24:15. The citation should be to Fourth Supp. Little Decl. ¶¶ 25-33 instead of ¶¶ 17-24.

## VI. CONCLUSION.

For the foregoing reasons, the Court should grant Defendant's Fourth Motion for Summary Judgment and enter judgment in favor of Defendant and against Plaintiff.

Respectfully submitted,

MELINDA HAAG
United States Attorney

DATED: January 7, 2014

/s/
NEILL T. TSENG
Assistant United States Attorney
Attorneys for Defendant