Mark Rumold (SBN 279060)
*mark.rumold@gmail.com*
1333 Gough Street
San Francisco, CA 94110

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| WILLIAM PICKARD, | ) | Case No. 3:06-cv-00185-CRB-NC |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S RESPONSE TO DEFENDANT'S ADMINISTRATIVE MOTION FOR CLARIFICATION** |
| v. | ) | |
| DEPARTMENT OF JUSTICE, | ) | Judge: Hon. Nathanael Cousins |
| | ) | Courtroom A - 15th Floor |
| Defendant. | ) | |
| | ) | Non-Hearing Motion |

Plaintiff respectfully offers this brief response to Defendant's Administrative Motion for Clarification of May 7, 2014, Order (ECF No. 201). While plaintiff does not necessarily oppose the "clarification" the government seeks, plaintiff offers this submission only to note that the government's hyperbolic claims—and onerous proposed secrecy measures—are unwarranted and unnecessary.

The government asserts that the records at issue here are "sensitive, are ordinarily maintained in a highly secure location within DEA offices and subject to strict controls," *id.* at 1-2; and, further, that the "DEA does not typically make copies of documents contained in a confidential source file." *Id*. at 2. Although the government offers no support for these assertions (and even if the assertions are *generally* true), they are not true of the records at issue in this case— the informant file of Gordon Todd Skinner and other responsive documents. First, according to the government, a copy of the file has been held by a district court in Kansas for over a decade. *See* Government's Response to Defendant's Motion to Produce Copy of Confidential Informant File at 2 (referencing production for the court in 2003), *filed in United States v. Pickard*, 4:00-cr-40104-CW (Jun. 11, 2013) (ECF No. 744). Second, and again according to the government, copies of the file were provided to defense counsel in that case in 2003. *See id*. Third, Skinner, himself, has copies of portions (and, perhaps, all) of his file.[1] And, as a result of Skinner's public court filings, portions of the file are a matter of public record. Accordingly, no rule or practical consideration counsels against providing the Court with its own full copy of the documents at issue here.

Next, the government asks the Court to submit to a review of the documents "at a time specific and [with] a DEA Special Agent" present, or to allow the DEA to "retrieve the files at the end of each day[.]" *Id*. at 2. Again, such precautions are unnecessary. There is no indication that the copy of the file in the Kansas court's possession has, for the past decade, been returned to the DEA at the end of each day; and, obviously, Skinner's copy and the portions of the file in the

---

[1] In his attempts to assert immunity from various criminal prosecutions, Skinner has filed portions of the file in publicly available court documents. *See, e.g.*, Exhibits in Support of Petition for *Habeas Corpus* at 33, 37, 42, 45, 50, 57, 74, 85, 90, 94, 99, and 102, *filed in Skinner v. Addison*, 4:11-cv-00382-CVE-TLW (N.D. Ok. July 1, 2011 (ECF No. 20-2)).

public record have not been. There is thus no reason to believe this Court's copy of the documents requires heightened security.

Ultimately, the government's clarification appears more tailored to imposing administrative hurdles and headaches for the Court – under the guise of "security" precautions – than to protecting legitimately sensitive material. This Court is already well equipped to review and handle the documents at issue in this case without the burdensome procedures the government proposes. While the Court may, in its discretion, agree to the government's terms, plaintiff suggests those terms are entirely unnecessary.

As a final matter, plaintiff respectfully requests that, when the Court conducts its *in camera* review of the withheld material, it take into account the full record in the case, including the legal arguments raised in plaintiff's recent motion for partial summary judgment—ECF Nos. 188, 191. The government's supplemental *Vaughn* index and *in camera* review of the records, alone, will provide the Court with an incomplete picture of the records at issue in this case and the legal principles that govern their disclosure. To that end, Mr. Pickard will gladly provide the Court with any additional information it requires concerning the propriety of the government's withholdings.

DATED: June 20, 2014

Respectfully submitted,

 */s/ Mark Rumold*
Mark Rumold
1333 Gough Street
San Francisco, CA 94109

*Attorney for Plaintiff*

3

Case No. 06-cv-00185 CRB-NC        PL'S RESPONSE TO DEF. ADMIN. MOT.