UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEONARD PICKARD,<br>Plaintiff,<br>v.<br>DEPARTMENT OF JUSTICE,<br>Defendant. | Case No. 06-cv-00185-CRB (NC)<br><br>**ORDER ON SUFFICIENCY OF VAUGHN INDEX**<br>Re: Dkt. Nos. 207, 208 |

In this Freedom of Information Act case, plaintiff William Pickard seeks information from the federal government relating to confidential informant Gordon Todd Skinner. Because the government seeks to withhold the requested documents, it filed a 113-page Vaughn Index. Dkt. No. 166. Such an Index was supposed to identify each document withheld, as well as the statutory exemption claimed. This Index also should have provided a particularized explanation of how disclosing a specific document would damage the interest protected by the claimed exemption.

The District Court found the prior Index "supremely unhelpful," and ordered the government to submit a new Vaughn Index to the undersigned magistrate judge for review. Dkt. No. 198 at 1, 8 (adding that the "declaration in support of the Vaughn Index is no better" at providing information about the documents' contents and the exemptions that apply).

After reviewing the most recent Vaughn Index and the responsive documents, this Court finds that the Index—even when viewed in combination with the government's supporting declaration—fails to sufficiently describe the withheld documents in adequate

Case No.: 06-cv-00185-CRB

detail so as to allow Pickard to challenge the government's claimed exemptions. The government also failed to identify what documents have already been released publicly, which the District Court ordered it to do.

Accordingly, this Court orders the government to file a new Vaughn Index and supporting declaration.

## I. BACKGROUND

This case has been litigated for over 8 years, and its history is therefore substantial. The Court focuses only on the limited background relevant to this Order.

Pickard seeks documents from the Drug Enforcement Agency pertaining to DEA informant Gordon Todd Skinner. District Court Judge Breyer denied the government's motion for summary judgment, which argued that all documents related to Skinner were categorically exempt. Dkt. No. 198. Judge Breyer also denied Pickard's motion for summary judgment, which argued that references to Skinner's name, Skinner's NADDIS number, and information publicly disclosed by Skinner could not be exempt. *Id.* Judge Breyer rejected that argument, finding that without a sufficiently detailed Vaughn Index, the District Court could not determine the propriety of the claimed exemptions. *Id.*

Judge Breyer ordered the government to file a more detailed Vaughn Index and supporting declaration, and to submit the withheld documents to the undersigned judge for in camera review. *Id.*

## II. LEGAL STANDARD

Ordinarily, in litigation, the discovery process gives each party access to the other party's evidence. "In a FOIA case, however, because the issue is whether one party will disclose documents to the other, only the party opposing disclosure will have access to all the facts." *Wiener v. FBI*, 943 F.2d 972, 977 (9th Cir. Cal. 1991) (citations omitted). "This lack of knowledge by the party seeking disclosure seriously distorts the traditional adversary nature of our legal system[]." *Id.* (quoting *Vaughn v. Rosen*, 484 F.2d 820, 824 (D.C. Cir. 1973)). By forcing the requesting party to rely on his opponent's representations as to the undisclosed material, the "court is deprived of the benefit of

Case No.: 06-cv-00185-CRB 2

informed advocacy to draw its attention to the weaknesses in the withholding agency's arguments." *Id.*

In light of this problem, "[g]overnment agencies seeking to withhold documents requested under the FOIA are required to supply the opposing party with a Vaughn index identifying each document withheld, the statutory exemption claimed, and a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption." *Kucernak v. FBI*, 129 F.3d 126 (9th Cir. 1997) (internal quotation marks and citation omitted). "*Specificity* is the defining requirement of the Vaughn index." *Wiener v. FBI*, 943 F.2d at 979 (emphasis added). Thus, the index must reveal "as much information as possible without thwarting the exemption's purpose." *King v. DOJ*, 830 F.2d 210, 224 (D.C. Cir. 1987).

The purpose of the Vaughn Index is to "afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding." *Wiener*, 943 F.2d at 977 (quoting *King*, 830 F.2d at 218). "The index thus functions to restore the adversary process to some extent, and to permit more effective judicial review of the agency's decision." *Id.* at 978.

Notably, "[i]n camera review of the withheld documents by the court is not an acceptable substitute for an adequate Vaughn index" because the Court's review "does not permit effective advocacy." *Id.* at 979; *see also Martins v. U.S. Citizenship & Immigration Servs.*, 962 F. Supp. 2d 1106, 1129 (N.D. Cal. 2013) ("In camera review may supplement an adequate Vaughn index, but may not replace it.").

## III. DISCUSSION

The Court has reviewed the government's most recent Vaughn Index and the accompanying supporting declaration of attorney William Little, Jr. Dkt. No. 207. The Court has also reviewed the withheld documents under seal in order to assess whether the Vaughn Index and supporting declaration describe each withheld document with enough detail so as to reveal "as much information as possible without thwarting the exemption's purpose." *King*, 830 F.2d at 224.

Case No.: 06-cv-00185-CRB 3

This Vaughn Index was produced in response to an order by Judge Breyer. Specifically, Judge Breyer ordered the government to explain—in the Index itself or in a supporting declaration—three details: (1) "what information is in the documents"; (2) "whether that information has already been released publicly"; and (3) "what exemptions would apply that would overcome the presumption in favor of disclosure." Dkt. No. 198 at 9 (citing *United States Dep't of State v. Ray*, 502 U.S. 164, 173 (U.S. 1991)).

Judge Breyer also criticized the government's prior Vaughn Index as "conclusory and circular," and "provid[ing] neither the Court nor the Plaintiff with any useful information about the content of the documents or how the claimed exemptions appl[ied]." Dkt. No. 198 at 8. To provide guidance as to the level of detail, Judge Breyer pointed to the *Wiener* case, which involved a university professor's FOIA request concerning the FBI's investigation of John Lennon. There, the Ninth Circuit explained how the government should have described a particular document in its Vaughn Index:

> Without violating the privacy interests of the informant or the third party, the FBI could have stated that HQ-8 recites information provided by a third party to an FBI informant detailing the third party's knowledge of several activists and protest activities planned at the 1972 Republican National Convention, discussing the possibility that John Lennon would organize a series of concerts to raise money to finance the activity, and describing rivalries and jealousies within activist organizations.

*Wiener*, 943 F.2d at 984. Indeed, courts generally reject Vaughn Indexes when they provide "boilerplate explanations," particularly those that are part of an agency's "master response" that they use for several different FOIA requests. *Wiener*, 943 F.2d at 978; *see also Ctr. for Biological Diversity v. OMB*, No. 07-cv-04997 MHP, 2008 WL 5129417, at *7 (N.D. Cal. Dec. 4, 2008) (finding Vaughn Index inadequate where descriptions of documents were "replicated verbatim throughout the index").

Here, the Vaughn Index and supporting declaration does describe in detail the titles of sections within the documents and the number of paragraphs that each section contains. *See, e.g.*, Dkt. No. 207 at ¶ 28 ("The *Drug Related Information* section contains 15

paragraphs that are number sequentially."). But it uses the same boilerplate text to describe the contents of those paragraphs. For instance, a 15-paragraph section of an 8-page "Report of Investigation" is said to contain "information provided by a source that is related to several individuals and details their involvement in the illicit manufacturing and distribution of a controlled substance." *Id.* The section actually describes information involving the moving of an LSD laboratory, money the DEA reportedly seized, and efforts by different individuals to exchange money from one currency to another. The government could have revealed this information in the Vaughn Index, without violating the privacy interests of any third parties or DEA agents. *See Wiener*, 943 F.2d at 979 ("Unless the agency discloses as much information as possible without thwarting the [claimed] exemption's purpose, the adversarial process is unnecessarily compromised.") (internal quotation marks and citation omitted).

Instead, the government uses identically broad language—"information provided by a source that is related to several individuals and details their involvement in the illicit manufacturing and distribution of a controlled substance"—to describe numerous documents. *See also, e.g.*, Dkt. No. 207 at ¶ 13 (stating that paragraph "memorialize[s] the source's conduct and activities related to a criminal investigation of a third-party and contains details regarding the source."). And nearly all of the documents in the supporting declaration end with the language:

> Nothing in the report reflects any Government misconduct or DEA's performance of its responsibilities. After withholding all exempt information, only incomprehensible words and phrases would remain and no useful information regarding any FOIA cognizable public interest. Thus, the report was withheld in its entirety pursuant to the Privacy Act, Exemption (j)(2), and the FOIA, Exemptions (b)(7)(C), (b)(7)(D), (b)(7)(E) and (b)(7)(F).

Dkt. No. 207; *see also Biological Diversity*, 2008 WL 5129417 at *7 ("Any documents that were of the same type would be given the same explanation for withholding."). The Court acknowledges the government's attempt to further describe the form of the

Case No.: 06-cv-00185-CRB           5

document. But by ending each document with the same language listing the same exemptions, just as in *Wiener*, the Court finds that the government made "no effort . . . to tailor the explanation to the specific document withheld." *Wiener*, 943 F.2d at 978-79.

Put simply, by using boilerplate language throughout the declaration—both to describe the contents of the document and to describe what exemptions apply—the government failed to sufficiently describe the information in the documents, and provide a "particularized explanation" of how disclosure would damage the interest protected by the claimed exemption. *See Kucernak*, 129 F.3d at 126 (9th Cir. 1997) (citation omitted). Consequently, Pickard has not had a meaningful opportunity to challenge the Vaughn Index exemptions.

Additionally, the government failed to identify information in the documents that has already been released publicly. The most glaring example of this involves pages numbered 285 through 320 of a document that the declaration describes as "court dockets obtained from the Oklahoma State Court Network through the World Wide Web." Dkt. No. 207-1 at ¶ 79. What the government described is already a public document, and was easily found on the World Wide Web by this Court. Moreover, the government fails to mention that the document concerns and contains Gordon Todd Skinner's name, the very subject of Pickard's FOIA request, and a known government informant. *See Wiener*, 943 F.2d at 979 ("Remarkably, in the original *Vaughn* index submitted by the FBI, John Lennon's name does not appear at all."); *Pickard v. DOJ*, 653 F.3d 782, 784 (9th Cir. 2011) ("We simply hold that since Skinner has already been officially identified as an informant by government counsel and agents, the cat is out of the bag . . . ."). Without a more tailored explanation beyond the boilerplate language identified above, the Court does not see how these pages, much less the document in its entirety should be withheld.

//

Case No.:06-cv-00185-CRB      6

## IV. CONCLUSION

Because the government failed to follow the standard under *Wiener*, the Court finds that its most recent Vaughn Index—in combination with Little's sixth declaration in support—is not sufficiently detailed. Therefore, the Court orders the government to submit an adequate Vaughn Index in accordance with this Order within 28 days.

Any party may appeal this non-dispositive order to Judge Breyer within 14 days. Fed. R. Civ. P. 72(a).

**IT IS SO ORDERED.**

Dated: February 19, 2015

NATHANAEL M. COUSINS
United States Magistrate Judge

Case No.: 06-cv-00185-CRB         7