MELINDA HAAG (CABN 132612)
United States Attorney

ALEX G. TSE (CABN 152348)
Chief, Civil Division

NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7155
    FAX: (415) 436-6927
    neill.tseng@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM LEONARD PICKARD, ) | C 06-0185 CRB |
|     Plaintiff, ) | |
| v. ) | **EIGHTH SUPPLEMENTAL** |
| ) | **DECLARATION OF WILLIAM C.** |
| DEPARTMENT OF JUSTICE, ) | **LITTLE, JR.** |
|     Defendant. ) | |

    I, William C. Little, Jr., hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

1. This declaration was prepared to supplement the prior declaration of Leila Wassom, dated August 29,2006, and my prior declaration dated November 24,2006, May 30,2007, November 26, 2007, March 30, 2012, July 13, 2012, January 7, 2014, and June 27, 2014, and is submitted in conjunction with a second updated *Vaughn* index which is attached as Exhibit A.

2. The purpose of this declaration is to again respond to assertions regarding the sufficiency of prior declarations meeting the requirements of *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir. 1973). All attempts were made to provide as much detail regarding the documents, and portions thereof without disclosing the information sought to be withheld under a FOIA exemption.

3. Contrary to plaintiff's assertion that he has insufficient information to challenge the asserted exemptions, it was noted by the United States District Court for the District of Kansas, in Ca No. 00-40104-01/02-RDR, Document 705, an opinion filed May 9, 2012, that "counsel for defendant has indicated that he possesses the unredacted copied of these documents [Skinner's confidential source file] . . . ."

4. Counsel for plaintiff stated that he possesses an unredacted copy of the confidential source file in a motion dated March 24, 2011, submitted to the United States District Court for the District of Kansas, in Ca No. 00-40104-01/02-RDR, Document 657.

5. Thus, except for reports and documents created or obtained for inclusion in the file after February 2002, plaintiff has access to unredacted copies of materials contained in the file.

6. All the reports and records identified as potentially responsive to the plaintiff's FOIA request are documents that contain the name of Gordon Todd Skinner or a personal identifier gathered for a law enforcement purpose.

7. Plaintiff requested information related to (1) the criminal history of Gordon Todd Skinner, (2) all case names, numbers and judicial districts where Gordon Todd Skinner testified under oath, (3) records of all monies paid to Gordon Todd Skinner in his capacity as a Federal informant, (4) all records of instances where DEA intervened on behalf of Gordon Todd Skinner to assist him in avoiding criminal prosecution, (6) all records of any benefits of any nature conferred, (7) all records of deactivation as a confidential informant, and the reason for deactivation; (8) all records concerning Gordon Todd Skinner's participation in criminal investigations.

8. Thus, the records and information requested is, by its very nature, personal to and pertains to Gordon Todd Skinner.

9. Plaintiff's request was for information that was reasonably likely to be found in the DEA Investigative Reporting and Filing System, JUSTICE/DEA-008 ("IRFS"), and information relative to the status of Gordon Skinner as a confidential source are reasonably likely to be found in the DEA Operations Files, JUSTICE/DEA-011.

Fourth SUPPLEMENTAL DECLARATION OF WILLIAM C. LITTLE, JR.
C 06-00185 CRB                                    2

10. The records maintained in IRFS, and to the extent the matters relate to an individual that cooperates with DEA and the Operations Files, consist of (a) information compiled for the purpose of identifying individual criminal offenders and alleged offenders, identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; and, (b) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual or (c) investigatory material compiled for law enforcement purposes, other than material within the scope of subsection (j)(2).

11. Confidential sources are debriefed and the information is memorialized in a DEA ROI when (a) an individual is established as a CS; (b) whenever the source has significant information regarding drug trafficking; (c) whenever the source has participated in an undercover meeting or operational activity; and, (d) whenever the CS is believed to have engaged in improper behavior that could adversely impact his/her status as a CS. DEA's investigative jurisdiction derives from the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801, et seq. (hereinafter, the Act) which authorizes DEA to enforce the Act through the investigation of incidences involving the trafficking in controlled substances, dangerous drugs and precursor chemicals and the violators who operate at interstate and international levels; seize and forfeit assets derived from, traceable to, or intended to be used for illicit drug trafficking, cooperate with counterpart agencies abroad and to exchange information in support of drug traffic prevention and control.

12. Thus, the material deemed responsive to plaintiff's FOIA request are records or information compiled for law enforcement purposes.

13. There is no record of any authorized release into the public domain of any report or document identified as responsive by DEA. Further, all reports and documents, contained in the confidential source file that were created prior to February 2002, were under seal and provided to plaintiff in about February 2002 for the purpose of preparing for his criminal trial.

14. Pages number 1 through 234 are DEA Report(s) of Investigation ("ROI") prepared by DEA special agents summarizing confidential source debriefings or reports required for the management of a source related to two (2) investigations conducted by DEA. The confidential source debriefings pertained to information provided by the source related to trafficking in controlled substances.

15. Pages 235 and 236 are documents that comprise the agreement between a source and DEA.

16. Pages 237 through 252 are statements typewritten statements from and executed by a confidential source.

17. Pages 253 and 254 are the results of a DEA Narcotic and Dangerous Drug Information System query conducted by DEA personnel.

18. Pages 255 through 259 comprise the response from a criminal history record query submitted through the California Law Enforcement Telecommunications System (CLETS)[1] submitted by DEA personnel for a law enforcement purpose.

19. Pages 260 through 268 comprise the response to a criminal history record query from National Law Enforcement Telecommunications System (NLETS)[2] conducted by DEA personnel for a law enforcement purpose.

20. Pages 269 through 279 comprise the response to criminal history record query from National Crime Information Center (NCIC)[3] submitted by DEA personnel for a law enforcement purpose.

---

[1] CLETS provides criminal history and identification information for the use of law enforcement agencies through the U.S. Department of the Treasury, Treasury Enforcement Communications System (TECS). CLETS prohibits further dissemination of its information to any unauthorized persons.

[2] NLETS provides criminal history and identification information for the use of law enforcement agencies through NLETS prohibits further dissemination of its information to any unauthorized persons.

[3] NCIC provides information for the use of law enforcement agencies and prohibits dissemination to any unauthorized persons

Fourth SUPPLEMENTAL DECLARATION OF WILLIAM C. LITTLE, JR.
C 06-00185 CRB                                4

21. Pages 280 through 283 comprise a Confidential Source Risk assessment prepared by a DEA special agent.

22. Pages 283 and 284 are two (2) teletypes prepared by DEA personnel related to activities associated with a law enforcement action.

23. Pages 285 through 320 is a court docket obtained utilizing the Word Wide Web from the Oklahoma State Courts Network[4] obtained by DEA personnel for purpose of managing and assessing the suitability of a source for activation or reactivation. The docket involves parties other than the individual about whom records were requested and concerns and contains Gordon Todd Skinner's name.

_April 9, 2015_
DATE

_William C. Little, Jr._
William C. Little, Jr., Senior Attorney
Office of Chief Counsel
Administrative Law Section
Drug Enforcement Administration
Washington, D.C.  20537

---

[4] The material is prefaced with a disclaimer that provides:

> The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. § 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

Fourth SUPPLEMENTAL DECLARATION OF WILLIAM C. LITTLE, JR.
C 06-00185 CRB                                5