UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEONARD PICKARD,<br>    Plaintiff,<br>    v.<br>DEPARTMENT OF JUSTICE,<br>    Defendant. | Case No. 06-cv-00185 CRB (NC)<br><br>**ORDER FINDING VAUGHN INDEX SUFFICIENT**<br>Re: Dkt. No. 217 |

In this Freedom of Information Act case, plaintiff William L. Pickard seeks information from the federal government relating to confidential informant Gordon Todd Skinner. Because the government seeks to withhold the requested documents, it filed a 113-page Vaughn Index. Dkt. No. 166; *see Wiener v. FBI*, 943 F.2d 972, 977 (9th Cir. 1991) ("[G]overnment agencies seeking to withhold documents requested under the FOIA have been required to supply the opposing party and the court with a Vaughn index, identifying each document withheld, the statutory exemption claimed, and a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption.") (internal quotation marks and citation omitted).

After an initial review, the district court found the Vaughn Index insufficiently detailed and ordered the government to file a more detailed Vaughn Index or supporting declaration, and to submit the withheld documents to the undersigned judge for in camera review. Dkt. No. 198. This Court reviewed the government's second Vaughn Index, the

Case No.: 06-cv-00185 CRB (NC)

1   supporting declaration, and the responsive documents, and found that the index still failed
2   to sufficiently describe the withheld documents in adequate detail.  Dkt. No. 210.  The
3   Court noted that the government also failed to identify what documents have already been
4   released publicly, which the district court ordered it to do.  *Id.* (citing Dkt. No. 198 at 9).
5   This Court then ordered the government to file a third Vaughn Index and supporting
6   declaration, which the government submitted on April 9, 2015.  Dkt. No. 217.

7   Having reviewed the most recent Vaughn Index and supporting declaration, this
8   Court finds that this third Vaughn Index satisfies the district court's order; it is sufficiently
9   detailed enough to reveal "as much information as possible without thwarting the
10  exemption's purpose."  *See Wiener*, 943 F.2d at 979 (internal quotation marks and citation
11  omitted).

12  For example, in its first iteration, page 9 of the Vaughn Index described a document
13  but omitted an item in that same document called, "Drug Related Information."  Dkt. No.
14  166 at 10.  That item was subsequently added to the second version of the Vaughn Index
15  but still omitted details.  *See, e.g.*, Dkt. No. 208 at 10 ("Contents: Identity of and/or
16  information related to CS."); *see also id.* (Item: Block 6; Indexing Section . . . Contents:
17  Name(s) & third-Party NADDIS identifier").  This latest third version, however, describes
18  the formerly omitted section as the following: "Contents: Identity of & information
19  regarding the performance, location, & conduct of a CS."  Dkt. No. 217-1 at 10; *see also*
20  *id.* ("Item: Block 6; Indexing Section . . . Contents: Name(s) & identifier of third-party
21  involved in the illicit trafficking in schedule II controlled substances").  After reviewing
22  the corresponding document in camera, the Court finds that this more detailed description,
23  combined with an identification of the FOIA claimed exemptions—"(b)(7)(C), (b)(7)(D),
24  b(7)(F)"—and the statement "Material deleted: Information related to and/or could
25  disclose the identity of CS" satisfies the *Wiener* standard.

26  In addition to producing a more sufficiently detailed Vaughn Index, the district
27  court ordered the government to explain whether information contained in the withheld
28  documents "has already been released publicly[.]"  Dkt. No. 198 at 9.  This Court, in its

Case No.: 06-cv-00185 CRB (NC)           2

prior order, noted that the government failed to do this. Dkt. No. 210 at 6. But in its most recent supplemental declaration, the government states that "[t]here is no record of any authorized release into the public domain of any report or document identified as responsive by DEA." Dkt. No. 217 at 3. The Court finds that this statement satisfies what the district court ordered.

Thus, for the reasons discussed above, the Court finds the government's most recent Vaughn Index and accompanying declaration sufficient. Consequently, the government need not produce a fourth Vaughn Index to this Court.

Any party may appeal this non-dispositive order to the district court within 14 days. Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: July 20, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge