IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEONARD PICKARD,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>    Defendant.<br>_____/ | No. 06-cv-00185-CRB<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

On July 20, 2015, Magistrate Judge Cousins entered an order finding the government's most recent Vaughn Index and accompanying declaration sufficient. See Order Finding Vaughn Index Sufficient ("Cousins Order") (dkt. 219). Now before the Court is Plaintiff William Pickard's motion for relief from that Order. See Mot. for Relief from Nondispositive Pretrial Order of Magistrate Judge ("Mot. for Relief") (dkt. 220).

In this Freedom of Information Act ("FOIA") case, Pickard seeks information from the federal government regarding a confidential informant. On October 3, 2012, the government filed a Vaughn Index pursuant to Weiner v. FBI, 943 F.2d 972, 977 (9th Cir. 1991) (holding that "government agencies seeking to withhold documents requested under FOIA have been required to supply the opposing party and court with a Vaughn index, identifying each document withheld, the statutory exemption claimed, and a particularized explanation of how disclosure of a particular document would damage the interest protected

by the claimed exemption") (internal quotation marks and citation omitted)). See also Vaughn index I (dkt. 166). On May 7, 2014, this Court found the government's first Vaughn index inadequate and referred the case to Judge Cousins. See Order Vacating Hearing, Denying Cross-Motions for Summary Judgment, and Ordering Submission of Materials for In Camera Review (dkt. 198). The government submitted a second Vaughn index on June 27, 2014 (dkts. 207 & 208), and Judge Cousins found that it still failed to describe the withheld documents in adequate detail. See Cousins Order at 2. On April 9, 2015, the government filed the most recent Vaughn index. See Vaughn Index III (dkt. 217). Judge Cousins found that this third Vaughn index satisfied Weiner because it contained more detailed descriptions of withheld documents and because it explained that the information contained in these documents had not been released publicly. See Cousins Order at 2–3.

Pickard now appeals Magistrate Judge Cousins' order pursuant to Federal Rule of Civil Procedure 72. Rule 72 directs the Court to consider timely objections to nondispositive pretrial orders issued by magistrate judges and to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Concrete Pipe and Prods. v. Constr. Laborers Pension Trust, 508 U.S. 602, 622 (1993) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). "[R]eview under the 'clearly erroneous' standard is significantly deferential. . . ." Id. at 623; see also In re Papio Keno Club, Inc., 262 F.3d 725, 729 (8th Cir. 2001) ("To be clearly erroneous, a decision must strike [the reviewing court] as more than just maybe or probably wrong; it must . . . strike the [the reviewing court] as wrong with the force of a five-week-old, unrefrigerated dead fish.") (citation and internal quotation marks omitted)).

The Court finds that the Order at issue here was not erroneous or contrary to law. In its third Vaughn index, the government provides a list of the withheld documents and claimed exemptions. See Vaughn Index III; Weiner, 943 F.2d at 977. Additionally, the government describes the contents of many documents in greater detail than in its previous

filings.  Compare Vaughn index II (dkt. 208) at 27 ("Information provided by and/or could disclose the identity of CS.") with Little Decl., Ex. A (dkt. 217-1) at 26 ("Identity of and information provided by a CS related to the procurement of equipment used in the manufacturing of Schedule I controlled hallucinogens.").  These descriptions are sufficient to inform Pickard of why a particular document is exempt from disclosure and afford him an opportunity to advocate for its release.  See Weiner, 943 F.2d at 979.  If the government went into more detail, it would negate the purpose of withholding the documents.  See id.  Moreover, the government responded to Magistrate Judge Cousins' request that it explain which documents have been released to the public.  Little Decl. at 3 ("There is no record of any authorized release into the public domain of any report or document identified as responsive by the DEA.").  Therefore, finding the Vaughn index to be adequate, the Court affirms Magistrate Judge Cousins' Order.

**IT IS SO ORDERED**

Dated: August 27, 2015

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

3