UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEONARD PICKARD,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Case No. 06-cv-00185 CRB   (NC)<br><br>**TENTATIVE RULING ORDERING RELEASE OF DOCUMENTS FOLLOWING IN CAMERA REVIEW**<br><br>Re: Dkt. No. 198 |

**I. BACKGROUND**

In this Freedom of Information Act case, plaintiff William Leonard Pickard requests information about confidential informant Gordon Skinner, who testified against Pickard at his criminal trial. Most recently in the case, the district court denied both parties' fourth motions for summary judgment because "without context," the court could not know if releasing 325 relevant documents the government withheld as exempt under FOIA, "would compromise an important privacy interest, endanger any individual's (including Skinner's) physical safety, or run afoul of one of the [government's] other claimed exemptions." Dkt. No. 198 at 9.

The question is whether, per Pickard's request, the Court should release three categories of materials in the 325 documents: Skinner's name, information Skinner has voluntarily disclosed to the public, and Skinner's NADDIS number. Dkt. No. 198 at 11. The district court has tasked this Court with conducting *in camera* review of "whether the

Case No. 06-cv-00185 CRB

1  contents, as distinguished from the <u>existence</u>, of the officially confirmed records may be
2  protected from disclosure under the DEA's claimed exemptions." *Id*.  Because following
3  denial of its motion for summary judgment, the government has provided no evidence to
4  carry its burden of proving that documents in the three categories of materials qualify for
5  exemptions, the Court's tentative ruling is to order the release of the three categories of
6  materials.  The government has 14 days to bring forward evidence of why FOIA
7  exemptions should apply.

## II. DISCUSSION

The government argues that the documents are exempt from disclosure under FOIA exemptions 7(C), 7(D), 7(E), and 7(F).  Dkt. No. 225.  However, Judge Breyer has already held that the government cannot assert a categorical exemption for "[a]ll records relating to Skinner" and has rejected the government's arguments that all 325 documents must be withheld.  Dkt. No. 198 at 6.  Specifically, he found that the government failed to show that exemption 7(E) applies to Skinner's NADDIS number, that release of Skinner's name would be dangerous, or that exemptions should apply to the portions of the DEA file that have been made public in *United States v. Pickard*, 733 F.3d 1297, 1304-05 (10th Cir. 2013).

Judge Breyer stated, "the government's objection to revealing Skinner's NADDIS number seems to rely only on exemption 7(E) . . . It is not clear how release of Skinner's NADDIS number would help Skinner avoid detection or apprehension, as he is already incarcerated, or how it would help anyone else avoid detection or apprehension, as the number is presumably unique to Skinner.  In addition, Plaintiff contends that Skinner's purported NADDIS number is already a matter of public record.  See P Reply at 9.  If so, then it is hard to see how exemption 7(E) applies."  Dkt. No. 198 at 11.

At summary judgment, the government argued that Pickard had not shown "that the use of NADDIS numbers, or the numbers themselves, are commonly known to the public," but Judge Breyer rejected that argument because "it is the government's burden to establish that an exemption applies." *Id*. at 10 n. 7 (citing *Yonemoto v. Dep't of Veterans*

*Affairs*, 686 F.3d 681, 692 (9th Cir. 2012) (agency's burden to demonstrate that one of the statutory exemptions applies)).

Judge Breyer also observed that disclosure of some documents could be appropriate because "other court proceedings have resulted in the release of some materials presumably among the 325 documents at issue here." Dkt. No. 198 at 10. In *United States v. Pickard*, No. 00-40104-01, 02-JTM (D. Kan. April 7, 2014), the court found that "government interest is sufficient to overcome the presumption in favor of public access to judicial records" as to some materials, but unsealed "those portions of the DEA file which have been made public," including (a) Skinner's criminal felony docket in Tulsa County, Oklahoma of July 31, 2006, (b) the Pottawattamie County Kansas order dated August 21, 2000, (c) Skinner's criminal felony docket for Tulsa County, Oklahoma of March 24, 2004, (d) Skinner's eleven-point risk assessment, and (e) Skinner's confidential source agreement form dated October 18, 2000. Dkt. No. 198 at 11. Judge Breyer pointed out that "[s]uch disclosures would seem to undermine the government's position here that *none* of the documents responsive to Plaintiff's FOIA request can be released." *Id*. (emphasis in original).

Since the denial of its motion for summary judgment, the government has supplied no evidence to address the deficiencies that Judge Breyer identified. Instead, the government simply states, "[t]he government identifies all legal authorities cited in support of the government's arguments in Defendant's Fourth Motion for Summary Judgment (ECF No. 184), in Defendant's Reply in Support of Fourth Motion for Summary Judgment and Opposition to Plaintiff's Cross Motion for Partial Summary Judgment (ECF No. 189), in Defendant's Objections to Plaintiff's Reply Evidence (ECF No. 193), in Defendant's Statement of Recent Decision (ECF No. 195), and in Defendant's Statement of Recent Decision (ECF No. 197)" and cites two supplemental cases without identifying facts in this case. Dkt. No. 225 at 1-2. In other words, the government reuses and reincorporates its arguments for summary judgment which the district court already found unavailing.

Further, after reviewing the documents in question, the Court does not find that the

Case No. 06-cv-00185 CRB                3

1 documents provide a reason to withhold under the exemptions. As the district court stated, "[w]ithout *context*, the Court cannot know if releasing [the documents] would compromise an important privacy interest, endanger any individual's (including Skinner's) physical safety, or run afoul of one of the other claimed exemptions." Dkt. No. 198 at 9 (emphasis added). The government's brief at docket 225 fails to provide any more "context" or explain to this Court why release of the documents would be dangerous to Skinner or anyone else. Because the government has failed to do anything to bolster the arguments that Judge Breyer rejected at summary judgment, this Court's tentative ruling is to release documents in the three categories of materials: Skinner's name, information Skinner has voluntarily disclosed to the public, including information released in the federal court proceedings in Kansas, and Skinner's NADDIS number. The government has 14 days to provide a reason not to release these documents. The parties must attend a telephonic case management conference on January 20, 2016, at 11 a.m. in San Jose, with both parties to file status reports on next steps proposed by January 13, 2016.

**IT IS SO ORDERED.**

Dated: December 24, 2015        _____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 06-cv-00185 CRB            4