1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10   WILLIAM LEONARD PICKARD,                 Case No. 06-cv-00185 CRB   (NC)

11           Plaintiff,
                                              **ORDER TO RELEASE
12       v.                                   DOCUMENTS FOLLOWING *IN
                                              CAMERA* REVIEW**
13   DEPARTMENT OF JUSTICE,
                                              Re: Dkt. No. 227
14           Defendant.

15

16       In this Freedom of Information Act case, plaintiff William Leonard Pickard seeks

17   information about confidential informant Gordon Skinner, who testified against Pickard at

18   his criminal trial.  The district court denied both parties' fourth motions for summary

19   judgment because "without context," the court could not know if releasing 325 relevant

20   documents the government withheld as exempt under FOIA, "would compromise an

21   important privacy interest, endanger any individual's (including Skinner's) physical safety,

22   or run afoul of one of the [government's] other claimed exemptions."  Dkt. No. 198 at 9.

23       The question before this Court is whether, per Pickard's request, the Court should

24   release three categories of materials in the 325 documents: (1) Skinner's name, (2)

25   information Skinner has voluntarily disclosed to the public, including information he

26   offered in the federal court proceedings in Kansas, and (3) Skinner's Narcotics and

27   Dangerous Drugs Information System (NADDIS) number.  Dkt. No. 198 at 11.  The Court

28   has conducted *in camera* review of "whether the contents, as distinguished from the

Case No. 06-cv-00185 CRB

*United States District Court*
*Northern District of California*

1   existence, of the officially confirmed records may be protected from disclosure under the

2   DEA's claimed exemptions." *Id.* (emphasis in original).  The Court tentatively ordered the

3   release of the three categories of materials because, following denial of its motion for

4   summary judgment, the government provided no evidence to carry its burden of proving

5   that documents in the three categories of materials qualify for exemptions.  Dkt. No. 227.

6   The government has responded to the Court's tentative order.  Dkt. No. 239.  The

7   government argues, as it has before, that release of the documents would "disclose the

8   identity of, and information furnished by, a confidential source; have a chilling effect on

9   confidential informants; risk circumvention of the law; endanger Skinner's physical safety;

10   and violate a strong and substantial privacy interest." *Id.* at 6.  Pickard's reply argues that

11   the government's objections are overly broad and that "[u]nder the specific facts of this

12   case, the information at issue can and should be public."  Dkt. No. 242 at 6.

13   When seeking an exemption from FOIA, the government may not offer only

14   general governmental interests that are present in virtually all cases.  When a FOIA request

15   is made, a governmental agency may withhold all or portions of a document "only if the

16   material at issue falls within one of the nine statutory exemptions found in § 522(b)."

17   *Maricopa Audubon Soc. v. U.S. Forest Serv.*, 108 F.3d 1082, 1085 (9th Cir. 1997).  The

18   exemptions "'must be narrowly construed' in light of FOIA's 'dominant objective' of

19   'disclosure, not secrecy.'" *Id.* (quoting *Department of the Air Force v. Rose,* 425 U.S. 352,

20   361 (1976)).  "FOIA's strong presumption in favor of disclosure means that an agency that

21   invokes one of the statutory exemptions . . . bears the burden of demonstrating that the

22   exemption properly applies to the documents." *Yonemoto v. Dep't of Veterans Affairs*, 686

23   F.3d 681, 692 (9th Cir. 2012).  "Boilerplate explanations for withholdings . . . are

24   improper, and efforts must be 'made to tailor the explanation to the specific document

25   withheld.'" *Muchnick v. Dep't of Homeland Sec.*, 15-cv-3060 CRB, 2016 WL 730291, at

26   *3 (N.D. Cal. Feb. 24, 2016) (quoting *Wiener v. F.B.I.*, 943 F.2d 972, 979 (9th Cir. 1991)).

27   Both parties reference the recent opinion in *United States v. Apperson*, 2016 WL

28   898885, at *7 (10th Cir. Mar. 9, 2016), vacating a district court's order and remanding

Case No. 06-cv-00185 CRB                    2

United States District Court
Northern District of California

United States District Court
Northern District of California

1   because the district court failed to provide an adequate explanation of its reasoning in

2   denying the defendants' motion to unseal Skinner's confidential informant file.  *Apperson*

3   addressed a sealing order, which applies a different standard than a FOIA request.

4   However, the case is relevant because the record in *Apperson* suggested that the

5   government lacked case-specific reasons for its request to seal.  The Tenth Circuit stated,

6   "the record does not adequately reflect the court's balancing—with respect to particular

7   documents or categories of documents—of the specific interests of the public and the

8   government (the party opposing disclosure) relative to the factual circumstances of this

9   case.  Instead, the court relied on the government's general interests regarding

10  confidentiality, a potential 'chilling effect,' and the need for law enforcement to secure the

11  cooperation of other confidential sources in the future."  *Id.*

12          The court noted that "[t]hough these matters are unquestionably, in principle,

13  legitimate governmental interests, they are likely to be present to some degree in virtually

14  every case where a member of the public seeks access to law-enforcement informant files.

15  Therefore, lest the common-law presumption of access be rendered a dead letter as to this

16  class of cases, courts cannot justify denying disclosure by endorsing such generalized

17  governmental interests.  They must analyze the government's interests in the context of the

18  specific case—with respect to particular documents or categories of documents—and

19  explicitly undergird their conclusions with fact-specific analysis."  *Id.*

20          Here, the government's brief responding to the Court's tentative order is not

21  sufficiently tailored to the case at hand.  Because the government did not provide reasons

22  tailored to this case not to release the documents, the Court's tentative view remains

23  unchanged.  Therefore, the Court orders the release of documents in the three categories:

24  (1) Skinner's name, (2) information Skinner has voluntarily disclosed to the public,

25  including information he offered in the federal court proceedings in Kansas, and (3)

26  Skinner's NADDIS number.  The parties have until May 16, 2016, to confer with each

27  other about what information Skinner has voluntarily disclosed and is therefore subject to

28  release if it is stated in the government files.  The government has until May 30, 2016, to

Case No. 06-cv-00185 CRB                        3

1   produce the documents to Pickard and to file a status report stating its compliance with this

2   order.  The government may redact any part of the 325 documents that is not responsive to

3   this order.  Either party may object to this order within fourteen days.  Fed. R. Civ. P.

4   72(b).

5

6       **IT IS SO ORDERED.**

7

8   Dated:  May 2, 2016                                        _____

9                                                                        NATHANAEL M. COUSINS
                                                                         United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

Case No. 06-cv-00185 CRB                      4