**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEONARD PICKARD, | No. 06-cv-00185-CRB |
| Plaintiff, | **ORDER TERMINATING MOTION, VACATING HEARING, DIRECTING FILING OF NEW BRIEFS, AND SETTING NEW HEARING DATE** |
| v. | |
| DEPARTMENT OF JUSTICE, | |
| Defendant. | |

Defendant has filed a motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge. D Mot. (dkt. 244). The parties' briefing of that motion presupposes that the Court is familiar with all of the materials that were before Magistrate Judge Cousins. This is a problem. In letters submitted to Judge Cousins, both parties incorporated their fourth motions for summary judgment. See Letter from Plaintiff (dkt. 223) at 1–2; Response re Letter (dkt. 255) at 1. After Judge Cousins issued his Tentative Order, the parties submitted additional briefs. See Briefs (dkt. 233; dkt. 237; dkt. 239; dkt. 242; dkt. 244; dkt. 246; dkt. 247; dkt. 247; dkt 248-1). Throughout these documents, the parties referenced and incorporated prior briefs, including their third motions for summary judgment. See, e.g., P Opp'n (dkt 246); D MSJ (dkt. 184); P MSJ Reply (dkt. 191); D Reply re Tentative (dkt. 239). One such statement serves as an example: "Defendant hereby fully incorporates by reference into its Fourth Motion for Summary Judgment all arguments made

in its Third Motion for Summary Judgment (Doc. #140) and its reply brief thereto (Doc. #161). . . For the sake of nonrepetition and efficiency, Defendant does not repeat herein every argument it previously made, but rather summarizes some of the main arguments previously made and also adds some additional argument. <u>Any argument previously made but not summarized herein (with the exemption of argument regarding whether a Vaughn index needed to be filed) is still fully incorporated herein by reference</u>." D MSJ at 4.

  Endless references to past briefs require the Court to scour the docket to determine what the parties are actually arguing. "Judges are not like pigs, hunting for truffles buried in briefs." <u>Dynetix Design Solutions, Inc. v. Synopsys Inc.</u>, No. CV 11-05973 PSG, 2013 WL 3490938, at *2 (N.D. Cal. July 11, 2013) (internal quotation marks omitted). The Court does not think it unreasonable to ask that the parties serve their truffles on a single platter. Moreover, endless references to other filings subvert the purpose of the page limitations set forth in Civil Local Rules 7-2(b), 7-3(a), and 7-3(c). The parties must be clear and succinct.

  Therefore, in an effort to ensure that the Court see and consider all pertinent arguments, the Court hereby (1) TERMINATES the pending motion; (2) VACATES the motion hearing now set for August 5, 2016; and (3) DIRECTS the parties to submit a new, stand-alone set of briefs—i.e., a set of briefs that contain all of the party's arguments without incorporating previous briefs.[1] Defendant's motion, not to exceed twenty-five pages, shall be due on or before <u>August 12, 2016</u>. Plaintiff's opposition, not to exceed twenty-five pages, shall be due on or before <u>August 26, 2016</u>. Defendant's reply, not to exceed fifteen pages, shall be due on or before <u>September 2, 2016</u>. The Court shall hold a hearing on the revised

//
//

---

[1] Of course, descriptions of the case's procedural history and references to the orders of either this Court or of Judge Cousins are appropriate.

2

motion on September 16, 2016, at 10:00 A.M.

**IT IS SO ORDERED**

Dated: July 29, 2016



CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

3