IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEONARD PICKARD,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF JUSTICE,<br><br>    Defendant.<br>_____/ | No. C 06-00185 CRB<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO SET A FURTHER CASE MANAGEMENT CONFERENCE** |

Plaintiff William Pickard has filed an Administrative Motion asking the Court to set a case management conference. See generally Admin. Mot. (dkt. 271). The Motion asserts that, while the Court's November 15, 2016 Order Granting Motion for De Novo Review and Holding that Government May Withhold Materials (hereinafter "Order") (dkt. 268) resolved some of the issues in this case, it did not resolve all of them. Id. Pickard argues that the Order only resolved the parties' dispute about three categories of materials (DEA informant Gordon Skinner's name, his NADDIS number, and the information Skinner voluntarily disclosed to the public), but did not "countenance the government's decision to withhold every word from every page of hundreds of pages of responsive records." Id. at 1. Pickard asks for a CMC "so that the parties may seek the Court's guidance concerning further briefing and resolving the remaining issues in the case." Id. at 2. The government responds that there is nothing left for the Court to decide, and asks the Court to direct entry of

judgment in its favor.  See generally Opp'n (dkt. 272).

**I.   Procedural History**

Resolving the parties' latest dispute requires a (further) recitation of the extensive procedural history of this case.[1]  In January 2005, Plaintiff submitted a request to the DEA, seeking information and documents pertaining to Skinner.  D 4th MSJ (dkt. 184) at 2.  Specifically, he sought any information on

> (1) Skinner's criminal history (including records of arrests, convictions, warrants, or other pending cases), (2) records of all case names, numbers, and judicial districts where he testified under oath, (3) records of all monies paid in his capacity as a federal government informant, (4) all records of instances where the DEA intervened on his behalf to assist him in avoiding criminal prosecution, (5) all records of administrative sanctions imposed for dishonesty, false claims, or other deceit, (6) all records of any benefits of any nature conferred, (7) all records of deactivation as a confidential informant and the reasons for deactivation, and (8) all records concerning Skinner's participation in criminal investigations.

Id.  In February 2005, the DEA denied this request, citing FOIA Exemptions 6 and 7(C), without confirming or denying the existence of any records about Skinner.  Id.  The Office of Information and Privacy upheld that response.  Id.

In 2006, Plaintiff brought suit in this court.  Id.  The government moved for summary judgment, and, in 2007, the Court denied the motion without prejudice, holding that the DEA had not adequately demonstrated that a Glomar response (a refusal to confirm or deny the existence of records pertaining to an individual) was appropriate.  Order Denying MSJ (dkt. 62) at 5–6.  The government then brought a second motion for summary judgment, fully briefing the Glomar response issue.  See Pickard v. Dep't of Justice, 653 F.3d 782, 784–85 (9th Cir. 2011).  The Court granted that motion in 2008, finding that Skinner's identity as a confidential informant had not been "officially confirmed" under the Privacy Act, and that a Glomar response was appropriate under Exemptions 7(C) and 7(D).  Id. at 785.

In July 2011, the Ninth Circuit reversed and remanded, holding that, because the government had publicly disclosed Skinner's status as a confidential informant in open court in the course of official proceedings, a Glomar response was no longer appropriate.  Id. at

---

[1] The Court borrows heavily from its last Order in relaying the procedural history herein.  See Order at 2–5.

United States District Court
For the Northern District of California

787–88. The court explained, "[t]his is not to say that the DEA is now required to disclose any of the particular information requested by Pickard." Id. at 788. The government was to produce a Vaughn index, "raise whatever other exemptions may be appropriate, and let the district court determine whether the contents, as distinguished from the existence, of the officially confirmed records may be protected from disclosure under the DEA's claimed exemptions." Id.

In March 2012, the government filed its third Motion for Summary Judgment but did not file a Vaughn index. See generally D 3rd MSJ (dkt. 140). Plaintiff filed a cross-motion for summary judgment. See generally P 3rd MSJ (dkt. 152). The Court denied both motions and ordered the government to file a Vaughn index within 5 days. See Minutes (dkt. 165). The government did so. See Vaughn Index (dkt. 166).

In January 2014, the government filed a fourth motion for summary judgment as to all of the records at issue. See D 4th MSJ at 1 ("Did the Drug Enforcement Administration . . . properly withhold the requested documents under applicable FOIA exemptions?"). Pickard cross-moved for partial summary judgment, requesting release of three categories of information. See P 4th MSJ (dkt. 188) at 1 ("Pickard seeks partial summary judgment for withholdings that are demonstrably improper, even on the meager factual basis the agency now provides. These withholdings include Skinner's name, information Skinner has voluntarily disclosed to the public, and his NADDIS number."). In May 2014, the Court denied the government's fourth motion for summary judgment after finding its Vaughn index "supremely unhelpful." MSJ Order (dkt. 198) at 1, 7, 11. The Court also denied Pickard's cross-motion. Id. at 11. The Court found that without an adequate Vaughn index, "the Court [could not] know if releasing something as basic as Skinner's name would compromise an important privacy interest, endanger any individual's (including Skinner's) physical safety, or run afoul of one of the other claimed exemptions." Id. at 9. The Court then ordered the government "to submit (1) an adequate Vaughn index and (2) all of the responsive documents that the government continues to withhold in full or in part to Magistrate Judge Nathanael Cousins for review of 'whether the contents, as distinguished from the existence,

3

of the officially confirmed records may be protected from disclosure under the DEA's claimed exemptions.'" Id. at 11 (citations omitted).

Judge Cousins understood his task as determining "whether, per Pickard's request, the Court should release three categories of materials in the 325 documents." Cousins Order (dkt. 243) at 1.[2] Following an in camera review, he ordered the three categories of materials released. Id. at 1–2, 4.[3] The government then sought de novo review of the Cousins Order. See Motion for De Novo Review (dkt. 244); Order Terminating Motion (dkt. 255); 2d Mot. for De Novo Review (dkt. 260).[4] The parties and the Court understood that the Second Motion for De Novo Review was only about the three categories of materials at issue in the Cousins Order.[5] The Court even observed in its Order that Pickard's only seeking "the three

---

[2] See also 11/16/15 Letter from Pickard's counsel to Judge Cousins (dkt. 223) (opining that in camera review of withheld records was ripe for court's consideration, and relying on briefing from Cross-Motion for Partial Summary Judgment (dkt. 188) and Reply (dkt. 191)).

[3] The government notes that the Cousins Order provided that "the government may redact any part of the 325 documents that is not responsive to this order." Opp'n at 2 (citing Cousins Order at 1). The government argues that it "objected to the portion of [the Cousins Order] requiring disclosure, but not to the portion allowing the government to redact the other materials," and that, because Pickard did not object to the Cousins Order, it is too late for him now to argue that he is entitled to any of the other materials not covered by the three categories. Id. at 2. The Court rejects this argument. It makes little sense for Pickard to have objected to the Cousins Order, as it granted Pickard relief as to the only three categories of material that were at issue.

[4] The government also argues that it warned Pickard "in its first request for de novo review" that "to the extent Plaintiff suggests he may seek the release of additional information later, he cannot, because he did not object to the Magistrate Judge's order holding that only information in the Three Categories must be released and that other information may be redacted."). See Opp'n at 2 (citing Reply re D. Mot. De Novo (dkt. 247) at 5 n.2). Again, the Court would not have expected Pickard to object to the Cousins Order. Moreover, a warning located in a footnote in the Reply brief that the Court later struck carries little weight with the Court. Nor does the government's assertion that "Plaintiff did not respond to this point in his opposition," see Opp'n at 2, given that the government made the point in its Reply.

[5] See 2d Mot. for De Novo Review at 1 ("Specifically, Defendant requests that the Court determine de novo whether documents in the following three categories . . . must be released, and rule that they are properly withheld."); id. at 22 ("this Court should review de novo the [Cousins Order's] requirement to release documents in the Three Categories, and rule those documents may be withheld."); P Opp'n to 2d Mot. for De Novo Review (dkt. 264) at 1 (". . . warrants disclosure from the withheld records of three narrow categories of information"); id. at 25 ("Mr. Pickard respectfully urges the Court to order the disclosure of the Three Categories of information from the withheld records."); Reply re 2d Mot. for De Novo Review (dkt. 265) at 1 ("The Court should hold de novo that documents in the Three Categories are properly withheld."); Order at 6 ("The government argues that Judge Cousins erred in ordering the release of the three categories of material sought."); id. at 24 (concluding that the government could withhold the three categories of materials).

4

categories that he [did made] the Court's task unusual. . . . [and] more difficult." See Order at 2.[6]

## II. Discussion

The Court therefore accepts Pickard's contention that the Order only adjudicated whether the government could withhold the three categories of materials. See Admin. Mot. at 1. But the Court rejects Pickard's suggestion that, having chosen to pursue disclosure of only a subset of all of the materials responsive to his initial FOIA request, he may now pursue other subsets.

FOIA cases are almost always resolved on summary judgment, rather than trial. See Animal Legal Defense Fund v. U.S. F.D.A., 836 F.3d 987, 989 (9th Cir. 2016) ("Most FOIA cases are resolved by the district court on summary judgment, with the district court entering judgment as a matter of law."); Lawyers' Comm. for Civil Rights of S.F. Bay Area v. U.S. Dep't of the Treasury, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008) ("As a general rule, all FOIA determinations should be resolved on summary judgment.").[7] Plaintiff chose to file a motion for partial summary judgment. "Partial motion for summary judgment is a mechanism through which the court deems certain issues established before trial," and is "'intended to avoid a useless trial of facts and issues over which there was never any controversy. . . .'" See Holguin v. City of San Diego, 135 F. Supp. 3d 1151, 1158 (S.D. Cal. 2015) (quoting Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981)). Pickard had no reasonable expectation that the remaining materials—those not falling within the three categories—would be the subject of a FOIA trial.

Instead, Pickard made a strategic decision to pursue what he perceived to be low-hanging fruit: Skinner's name, NADDIS number, and information Skinner voluntarily disclosed. See P 4th MSJ at 1 ("Pickard seeks partial summary judgment for withholdings

---

[6] The Court also noted repeatedly that while Pickard sought materials that "Skinner has voluntarily disclosed to the public," the Court did "not know which portions of which documents represent [such] material." See id. at 2, 9, 19, 20.

[7] The exception to the standard practice of resolving FOIA cases by summary judgment is that "some FOIA cases require resolution of disputed facts." Animal Legal Defense Fund, 836 F.3d at 989. Pickard has not demonstrated that this FOIA case required resolution of disputed facts.

5

that are demonstrably improper, even on the meager factual basis the agency now provides."). Whether he intended to move subsequently for partial summary judgment on the remaining materials, see Joint Case Management Statement of 3/2/16 (dkt. 236) at 4 (Plaintiff's Statement: "Following the government's compliance with [Judge Cousins's tentative order requiring disclosure of the three categories], the parties should meet and confer to determine if further litigation will be necessary and, if so, whether it is possible to narrow the issues or documents that remain in dispute"), is of no matter.[8] He has not done so. Nor does this Court permit the seriatim filing of motions for summary judgment. See Standing Order of 6/11/15 ("Each party is limited to filing one summary judgment motion.").

In sum, Pickard chose to seek three categories of materials. The Court ruled on those three categories of materials. Pickard has not renewed his request for the remaining materials, even though the government has claimed throughout this litigation a right to withhold them. The Court hereby considers Pickard's request for the remaining materials withdrawn, and will separately enter judgment for the government. Pickard may appeal the Order on the three categories if he wishes to do so.

The Administrative Motion is DENIED.

**IT IS SO ORDERED.**

Dated: February 13, 2017

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[8] The Court recognizes that—by virtue of Pickard's framing—its Order had to reach a conclusion on Exemption 7(D) in the absence of any "particularly relevant precedent from the Ninth Circuit." See Order at 12–13 (noting that neither Ninth Circuit case "involves a confidential informant who has testified in criminal proceedings and disclosed some information."). The Ninth Circuit might still disagree with this Court's conclusion on appeal. But assuming that the Court is correct as to the application of Exemption 7(D) to information Skinner has publicly disclosed, see Order at 19 ("Because this Court finds persuasive the numerous courts to focus on whether information was originally given in confidence, regardless of whether or not that information later becomes public, this Court holds that Exemption 7(D) justifies the withholding of Skinner's name and the information he has publicly disclosed."), then it follows a fortiorari that Pickard is not entitled to the information Skinner has not publicly disclosed.