IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEONARD PICKARD,<br>  Plaintiff,<br>  v.<br>DEPARTMENT OF JUSTICE,<br>  Defendant. | No. C 06-00185 CRB<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT** |

Plaintiff William Pickard has filed a Motion to Alter or Amend the Judgment in this case, arguing that "[t]he Judgment, and the order upon which it was based, contain clear errors of law and fact." See Mot. (dkt. 275) at 1. The Order Pickard refers to is the Order Denying Administrative Motion to Set a Further Case Management Conference (dkt. 273) (hereinafter "CMC Order"). In the CMC Order, the Court explained that while it "accept[ed] Pickard's contention" that its Order Granting Motion for De Novo Review and Holding that Government May Withhold Materials (dkt. 268) "only adjudicated whether the government could withhold the three categories of materials" that Pickard pursued, it "reject[ed] Pickard's suggestion that, having chosen to pursue disclosure of only a subset of all of the materials responsive to his initial FOIA request, he may now pursue other subsets." See CMC Order at 5. The Court observed that "Pickard made a strategic decision to pursue what he perceived to be low-hanging fruit," and that "[w]hether he intended to move

subsequently for partial summary judgment on the remaining materials" did not matter given his failure to do so and the Court's prohibition on seriatim motions for summary judgment. Id. at 5–6. Pickard argues now that the CMC Order clearly erred in two related ways.

First, Pickard argues that the CMC Order "impermissibly shifted the burden to [Pickard] to seek disclosure of wrongfully withheld information." Mot. at 2. Not so. The government bears the burden of demonstrating that an exemption applies that justifies the withholding of information. 5 U.S.C. § 552(a)(4)(B).[1] The Court has never said otherwise. But a plaintiff bears the burden of litigating his case. See Fidelity Philadelphia Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978) ("It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court."). The Court cannot adjudicate an issue that is not before it. When the Court sent the case to Judge Cousins, it ordered the government to submit "all of the responsive documents that the government continues to withhold in full or in part . . . for in camera review of 'whether the contents, as distinguished from the existence, of the officially confirmed records may be protected from disclosure under the DEA's claimed exemptions.'" See Order Vacating Hearing, Denying Cross-Motions for Summary Judgment, and Ordering Submission of Materials for In Camera Review (dkt. 198) at 11 (quoting Pickard v. Dep't of Justice, 653 F.3d 782, 788 (9th Cir. 2011)).

Pickard was free to litigate the case before Judge Cousins however he wished. The way that Pickard chose to litigate the case before Judge Cousins was to twice ask Judge Cousins to rely on the briefs that Pickard had filed in his partial summary judgment motion, both of which sought adjudication of the three categories. See Plaintiff's Response to Defendant's Administrative Motion for Clarification (dkt. 204) at 3 (pointing to "the legal arguments raised in plaintiff's recent motion for partial summary judgment—ECF Nos. 188, 191."); 11/16/15 Letter from Pickard's counsel to Judge Cousins (dkt. 223) (relying on

---

[1] See also Feshbach v. S.E.C., 5 F. Supp. 2d 774, 780 (N.D. Cal. 1997) ("The agency has the burden of demonstrating that the material is exempt from disclosure. . . . The agency may meet this burden by submitting a declaration that identifies the documents at issue and explains why the documents fall into the exemption categories. King v. U.S. Dept. of Justice, 830 F.2d 210 (D.C. Cir. 1987).").

2

briefing from Cross-Motions for Partial Summary Judgment, docket entries 188 and 191); Motion for Partial Summary Judgment (dkt. 188)[2]; Reply re Motion for Partial Summary Judgment (dkt. 191).[3]

It was therefore directly due to Pickard's litigation strategy that Judge Cousins understood his task as determining "whether, per Pickard's request, the Court should release three categories of materials in the 325 documents: Skinner's name, information Skinner has voluntarily disclosed to the public, and Skinner's NADDIS number." Tentative Ruling Ordering Release of Documents Following In Camera Review (dkt. 227) (hereinafter "Cousins Tentative Order") at 1. Moreover, Pickard did not respond to the Cousins Tentative Order by arguing that the order should have addressed all of the withheld materials and not just the three categories. Rather, Pickard wrote: "The [Cousins Tentative Order] was correct. The Government should be ordered to release (1) Skinner's name; (2) information about Skinner's informant activities that he has publicly described in sworn testimony or disclosed through government documents; and (3) Skinner's NADDIS number." Plaintiff's Response to Tentative Ruling Ordering Release of Documents Following In Camera Review (dkt. 237) at 1. Pickard continued, "After a decade of litigation, it is time to move this case toward a sensible resolution. The Court's Order will do precisely that." Id. In his final order, Judge Cousins confirmed his understanding that Pickard had only asked him to examine the three categories of documents. See Order to Release Documents Following In Camera Review (dkt. 243) (hereinafter "Cousins Order") at 1 ("The question before this

---

[2] While Pickard's partial summary judgment brief opposed the government's motion for summary judgment on all materials, it affirmatively asked the Court to grant Pickard summary judgment on just three categories of materials. See id. at 1 ("Pickard seeks partial summary judgment for withholdings that are demonstrably improper. . . . Skinner's name, information Skinner has voluntarily disclosed to the public, and his NADDIS number.").

[3] Pickard's reply brief argued: "Mr. Pickard is entitled to partial summary judgment as to the government's continued withholding of at least three categories of information." Id. at 3. The brief addressed the other categories of information only insofar as to assert that his "narrow focus only reflects the agency's repeated failure to provide Mr. Pickard and the Court with the information necessary to meaningfully litigate the entire case." Id. at 10. Notably, Judge Cousins and this Court ultimately found that the government had submitted an adequate Vaughn index in this case. See Order Finding Vaughn Index Sufficient (dkt. 219); see also Order Denying Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge (dkt. 222) (finding Vaughn index adequate and affirming Judge Cousins' Order).

3

Court is whether, per Pickard's request, the Court should release three categories of materials in the 325 documents: (1) Skinner's name, (2) information Skinner has voluntarily disclosed to the public, including information he offered in the federal court proceedings in Kansas, and (3) Skinner's Narcotics and Dangerous Drugs Information System (NADDIS) number."). Again, Pickard did not object to the scope of the Cousins Order, instead telling this Court: "The result of the Order is sound, and there is no reason to disturb it." See Opp'n to Defendant's Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge (dkt. 246) at 1.[4]

The Court therefore rejects Pickard's argument that the Court shifted the FOIA burden to Pickard. The Court sent the whole case to Judge Cousins, and Pickard asked Judge Cousins to adjudicate just three categories of materials. Had Pickard failed entirely to appear before Judge Cousins, the case would have been dismissed without an order requiring the government to disclose the materials to Pickard. That, too, would not have been burden shifting, but a reflection of the fact that it is a plaintiff's burden to litigate his case.

Second, Pickard argues that "the record shows that [he] repeatedly and consistently asserted his claim to all improperly withheld information in the requested records." Mot. at 3. The Court agrees that Pickard at various points in this now eleven-year-old litigation expressed his interest in all of the withheld materials. The Court noted one such assertion in its CMC Order. See CMC Order at 6 (quoting Joint Case Management Statement of 3/2/16 (dkt. 236) at 4). But, as the Court explained in the CMC Order, "[w]hether [Pickard] intended to move subsequently for partial summary judgment on the remaining materials . . . is of no matter." Id. Being interested in the other materials, caring about the other materials, or even stating a desire to one day pursue litigation as to the other materials, see, e.g., Mot. at 7 ("In fact, Plaintiff did intend to pursue resolution of the outstanding issues in the case."), are not the same thing as moving the Court to adjudicate the other materials.

---

[4] In its CMC Order, this Court cited numerous sources for the assertion that "The parties and the Court understood that the Second Motion for De Novo Review [the government's appeal of the Cousins Order] was only about the three categories of materials at issue in the Cousins Order." See CMC Order at 4.

4

Pickard chose to file a motion for partial summary judgment on the three issues upon which he believed he was most likely to prevail. See CMC Order at 5–6. Pickard cannot have reasonably expected that the remaining issues would form the basis of a FOIA trial. See id. at 5. Nor does Pickard point to anything the Court said that could be construed as inviting, much less allowing, the filing of one partial summary judgment motion after another, each on a different subset of materials. Thus, while Pickard might not have explicitly or even intentionally withdrawn his request for the remaining materials, the Court continues to conclude that Pickard withdrew his request when he pursued the litigation strategy that he did.

Pickard chose to litigate the three categories. As to the other categories, as Stevie Wonder observed, "If you don't ask, you don't get." Accordingly, the Court holds that Pickard has failed to meet his burden under Rule 59(e) and DENIES the Motion. See McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (per curiam) ("A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.") (internal quotation marks omitted; emphasis in original).

**IT IS SO ORDERED.**

Dated: March 31, 2017

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE