UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEONARD PICKARD,<br>Plaintiff,<br>v.<br>UNITED STATES DEPARTMENT OF JUSTICE,<br>Defendant. | Case No. 06-cv-00185-CRB (NC)<br><br>**REPORT & RECOMMENDATION TO DISMISS CASE**<br><br>Re: ECF 357 |

This matter arises out of Plaintiff William Leonard Pickard's Freedom of Information Act request that Defendant United States Department of Justice produce certain documents from the Drug Enforcement Agency regarding Gordon Todd Skinner, a confidential informant. On February 27, 2020, Judge Charles R. Breyer referred this matter to this Court for all further proceedings. ECF 329.

On June 17, 2020, the Court ordered the government to produce all of the materials published by order of the court in the prior Kansas case and an explanatory chart with a corresponding *Vaughn* index by July 17, 2020. ECF 339. Pickard was given until August 17, 2020, to file a motion challenging the sufficiency of the government's production. *Id.* After six extensions of the deadline, Pickard filed his motion on April 1, 2021. ECF 342; ECF 345; ECF 350; ECF 352; ECF 354; ECF 356; ECF 357. In the motion, Pickard pointed out that a file he asked for in a separate FOIA request–Skinner's Narcotics and

Dangerous Drug Information System report from 2005–was not included in the government's production. ECF 357. In its opposition, the government argued that the 2005 NADDIS report is outside the scope of Pickard's initial FOIA request. ECF 358. Nevertheless, the government conducted a "reasonable search" for the 2005 NADDIS report and did not find it. *Id.* At the May 5, 2021 hearing on the motion, the Court ordered the parties to confer on the issue by May 19, 2021. ECF 360. And the Court ordered Pickard to file a supplemental brief by May 21, 2021, including a citation to his previous request for the 2005 NADDIS report. *Id.*

In his status report following the hearing, Pickard noted that aside from the missing 2005 NADDIS report, the government "appears to have provided all relevant materials." ECF 361. Pickard also raised an issue as to the authenticity the Risk Assessment document included in the government's confidential information file production. *Id.* The Court held a hearing on May 26, 2021, to discuss the remaining two disputes. Following the hearing, the Court ordered Pickard to provide a Bates number to identify the Risk Assessment document in question, and set a further hearing for June 30, 2021. ECF 362.

Prior to the hearing, the government filed a status report noting that it voluntarily provided Pickard with a 2021 print-out of Skinner's NADDIS report. ECF 364. The government also maintained that FOIA did not provide Pickard grounds to challenge the authenticity of the Risk Assessment document. *Id.* At the hearing on July 28, 2021,[1] Pickard agreed that the government produced all of the requested material. With the production dispute resolved, the only issue remaining before the Court is whether an individual can challenge the authenticity of a document produced through a FOIA request.

The government asserts that the question of authenticity is outside the scope of a FOIA request. At the hearing, Pickard agreed but nevertheless urged the Court to consider the question of authentication. The Court finds that, in the absence of persuasive authority cited by Pickard, the Court does not have jurisdiction under this FOIA request to look

---

[1] The June 30 hearing was continued to July 28, 2021. ECF 365.

beyond whether an agency has improperly withheld agency records.  *See Sanders v. Obama*, 729 F. Supp. 2d 148, 158 (D.D.C. 2010) (citing *U.S. Dept. of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989)) *aff'd sub nom. Sanders v. U.S. Dept. of Justice*, Case No. 10-5273, 2011 U.S. App. LEXIS 8326 (D.C. Cir. Apr. 21, 2011).  In addition to lacking jurisdiction to hear the dispute, the Court's "remedial powers are limited to injunctive relief to remedy the improper withholding of agency records . . . not to determine the authenticity of the produced documents." *See id.* (citing *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980)).  Thus, the Court does not have the jurisdiction, nor remedial powers, to address Pickard's authenticity dispute.

Accordingly, after reviewing the parties' briefing, status reports, and hearings, the Court FINDS: (1) the government satisfied Pickard's FOIA request by producing all requested documents, and (2) the Court does not have the jurisdiction or remedial power to address the remaining authenticity dispute.  The Court now RECOMMENDS that this matter be considered resolved and this claim be DISMISSED.  Any party may object to the recommended disposition, but must file a written objection with Judge Charles R. Breyer within 14 days of being served with this order.  *See* Fed. R. Civ. P. 72(b)(2).

**IT IS SO ORDERED.**

Dated: August 18, 2021                    _____
                                          NATHANAEL M. COUSINS
                                          United States Magistrate Judge

3